Joshua H. Haffner, Esq. SBN 188652
jhh@haffnerlawyers.com
Benson E. Garrett, Esq. SBN 237134
benson@haffnerlawyers.com
Graham G. Lambert, Esq. SBN 303056
gl@haffnerlawyers.com
**HAFFNER LAW PC**
445 South Figueroa Street, Suite 2325
Los Angeles, California 90071
Telephone: (213) 514-5681
Facsimile: (213) 514-5682

Jimmy Hanaie, Esq., SBN 293625
legal@legalclear.com
**LEGALCLEAR**
8306 Wilshire Blvd., #5007
Beverly Hills, California 90211
Tel.: (800) 444-6962

Alexander Larian, Esq., SBN 289743
alarian@larianlaw.com
**LARIAN LAW FIRM**
8306 Wilshire Blvd., #2058
Beverly Hills, California 90211
Tel.: (310) 720-0505

Attorneys for Plaintiff Alicia Rodriguez, on behalf of herself and all others similarly situated

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICIA RODRIGUEZ, an individual, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MARSHALLS OF CA, LLC; and DOES 1 through 10, inclusive,<br><br>Defendant. | **Case No.**<br><br>**CLASS ACTION COMPLAINT FOR:**<br>1. **GENDER DISCRIMINATION;**<br>2. **FAILURE TO PAY MINIMUM WAGES;**<br>3. **FAILURE TO PROVIDE REST BREAKS;**<br>4. **FAILURE TO FURNISH TIMELY AND ACCURATE WAGE STATEMENTS; and**<br>5. **VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION ACT,** *BUS. & PROF. CODE* **§17200,** *et seq.*<br><br>**DEMAND FOR JURY TRIAL** |

**CLASS ACTION COMPLAINT**

Plaintiff Alicia Rodriguez ("Plaintiff") is informed and believes, and on that basis alleges, as follows:

## NATURE OF THE ACTION

1. This is a California state-wide class action for gender discrimination and wage and labor violations arising out of, among other things, Defendant Marshalls of CA, LLC's ("Defendant" or "Marshalls") policy and practice of conducting security checks anytime its employees leave a store with a purse or bag, without providing compensation for that time. This practice disproportionately effects Defendant's female employees, as they carry purses or bags in significantly greater frequency than Defendant's male employees.

2. This also is an action for failing to provide rest breaks, minimum wages and other Labor Code requirements as to all Defendant's non-exempt employees. As set forth herein, Class members are to undergo uncompensated security checks whenever leaving the store, and are also required to clock out if they want to leave the premises for rest breaks. This violates California law that rest break time is to be paid time, free of an employer's control.

3. Plaintiff seeks among other things, all wages, restitutionary disgorgement, and statutory penalties, on behalf of the class and sub-class alleged herein.

## PARTIES

4. Plaintiff Alicia Rodriguez was, at all relevant times, a resident and citizen of the State of California.

5. Defendant Marshalls of CA, LLC ("Defendant" or "Marshalls") is a company authorized to conduct and actually conducting business in the State of California. Plaintiff is informed and believes, and on that basis alleges, that Defendant Marshalls is a citizen of the State of Delaware.

6. Plaintiff is currently ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants sued

herein under the fictitious names Does 1 through 10, inclusive, and therefore sue such Defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to allege the true names and capacities of said fictitiously named Defendants when their true names and capacities have been ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is legally responsible in some manner for the events and occurrences alleged herein, and for the damages suffered by the Class.

7. Plaintiff is informed and believes and thereon alleges that all Defendants, including the fictitious Doe Defendants, were at all relevant times acting as actual agents, conspirators, ostensible agents, alter egos, partners and/or joint venturers and/or employees of all other Defendants, and that all acts alleged herein occurred within the course and scope of said agency, employment, partnership, and joint venture, conspiracy or enterprise, and with the express and/or implied permission, knowledge, consent authorization and ratification of their co-Defendant; however, each of these allegations are deemed "alternative" theories whenever not doing so would result in a contradiction with other allegations.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over the entire action by virtue of the fact that this is a civil action wherein the matter in controversy, exclusive of interest and costs, exceeds the jurisdictional minimum of the Court. The acts and omissions complained of in this action took place in part in the State of California. At least one Defendant is a citizen of a state outside of California, and federal diversity jurisdiction exists and/or jurisdiction under the Class Action Fairness Act ("CAFA"). The class amount at issue exceeds $5,000,000 and the jurisdictional minimum of this Court under CAFA. Venue is proper because this is a class action, the acts and/or omissions complained of took place, in whole or in part within the venue of this Court.

///

# FACTUAL ALLEGATIONS

9.  Defendant operates a chain of retail department stores throughout California.

10. Plaintiff and the Class worked as non-exempt employees at Defendant's stores. Plaintiff has worked for Defendant or its affiliates in various non-exempt positions for approximately 17 years, and is currently employed as a stockroom coordinator at Defendant's in Ontario, California store at the Ontario Mills Mall.

11. At all relevant times, Defendant had a policy applicable to all Class members of requiring security checks, also referred to as bag checks, whenever employees leave Defendant's stores with a purse, bag, or container, including when Class members leave the store following a shift, or for a meal or rest break. Employees clock-out in Defendant's break room in the back of the store, and the security checks happen at the front of Defendant's stores. The security checks are done after class members clock-out, and are off-the-clock, uncompensated time when done following a shift or during a meal break. Class members are required to undergo these security checks, which are done for the benefit of Defendant. The security checks can only be done by a manager or other authorized person. Class members regularly have to wait for the person to conduct the security check. Class members are also often exiting the store at the same time as, for example, when a shift ends, requiring that they wait for the security check person to complete inspections of other employees. The security checks regularly take 5-10 minutes.

12. Defendant's female employees are more likely to carry a purse, bag or container than their male counterparts. Defendant's practice of conducting a security check on those employees carrying purses, bags, or containers, disproportionately impacts Defendant's female employees, and deprives them of pay and other employee rights, including rest breaks.

///

13. Defendant does not permit Class members to leave the premises for a rest break unless they clock-out and go through a security check. This violates California law that employees are to receive paid rest breaks, free of Defendant's control.

14. Plaintiff is a long-term employee of Defendant, and was subject to each of the practices alleged herein. Plaintiff regularly brought her purse or bag with her to work, and was subjected to security checks without compensation.

15. Defendant's conduct, as alleged herein, has caused Plaintiff and Class members damages including, but not limited to, loss of wages and compensation. Defendant is liable to Plaintiff and the Class for failing to pay minimum wages, failing to provide rest breaks, and unfair competition.

16. Plaintiff is a member of and seeks to be the representative for the Class of similarly situated employees who all have been exposed to, have suffered, and/or were permitted to work under, Defendant's unlawful employment practices as alleged herein.

17. Plaintiff has filed a charge of discrimination with the State of California Department of Fair Employment and Housing in a timely manner. The agency issued a Notice of Case Closure and Right to Sue and Plaintiff has brought this lawsuit within 1 year of the date of that Notice.

## CLASS DEFINITIONS AND CLASS ALLEGATIONS

18. Plaintiff brings this action on behalf of herself, and on behalf of all others similarly situated, and as a member of the Class defined as follows:

> **Class**: All residents of California who formerly or currently worked for Defendant as non-exempt employees at any time beginning August 11, 2016 through the date notice is mailed to the Class.

///

///

>    **Gender Discrimination Sub-Class**: All female residents of California who formerly or currently worked for Defendant as non-exempt employees at any time beginning one year prior to the filing of this action through the date notice is mailed to the Sub-Class.

19. Plaintiff reserves the right to amend or otherwise alter the class and/or sub-class definition presented to the Court at the appropriate time, or to propose or eliminate sub-classes, in response to facts learned through discovery, legal arguments advanced by Defendant or otherwise.

20. This action has been brought and may be properly maintained as a class action pursuant to California's class action statute and other applicable law, as follows:

21. **Numerosity of the Class:** Members of the Class are so numerous that their individual joinder is impracticable. The precise number of Class members and their addresses are known to Plaintiff or will be known to Plaintiff through discovery. Class members may be notified of the pendency of this action by mail, electronic mail, the Internet, or published notice.

22. **Existence of Predominance of Common Questions of Fact and Law:** Common questions of law and fact exist as to all members of the Class and/or subclass. These questions predominate over any questions affecting only individual Class and/or subclass members. These common legal and factual questions include:

   a. Whether Defendants' policy of conducting security checks on employees any time they leave the store with a purse, bag, or container disparately impacts Defendant's female employees.

   b. Whether Defendant engaged in a pattern or practice of requiring Plaintiff and the members of the Class to perform work off-the-clock without proper compensation;

    c. Whether Defendant engaged in a pattern or practice of failing to pay Plaintiff and the members of the Class minimum wage for time spent during security checks;

    d. Whether Defendant violated and Labor Code § 226.7 and the applicable IWC Wage Order by engaging in a pattern or practice of failing to properly provide and compensate Plaintiff and the members of the Class with rest breaks;

    e. Whether Defendant violated Labor Code §226 by failing to provide timely and accurate wage statements;

    f. Whether Defendant engaged in unfair practice and violated California Business and Professions Code § 17200 by failing to provide and/or compensate Plaintiff and the members of the Class for all time worked or provide paid rest breaks;

    g. The nature and extent of class-wide injury and measure of damages for the injury.

23. **Typicality**: Plaintiff's claims are typical of the claims of the members of the classes and subclasses she represents because Plaintiff was exposed and subjected to the same unlawful business practices employed by Defendant during the liability period. Plaintiff and the members of the class she represents sustained the same types of damages and losses.

24. **Adequacy:** Plaintiff is an adequate representative of the class and/or subclass she seeks to represent because her interests do not conflict with the interests of the members of the classes and subclasses Plaintiff seeks to represent. Plaintiff has retained counsel competent and experienced in complex class action litigation and Plaintiff intends to prosecute this action vigorously. The interests of members of each class and subclass will be fairly and adequately protected by Plaintiff and their counsel.

///

25. **Superiority and Substantial Benefit:** The class action is superior to other available means for the fair and efficient adjudication of Plaintiff and the Class and/or Subclass members' claims. The violations of law were committed by Defendant in a uniform manner and class members were exposed to the same unlawful practices. The damages suffered by each individual Class and/or Subclass members may be limited. Damages of such magnitude are small given the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. Further, it would be virtually impossible for the Class and Subclass members to redress the wrongs done to them on an individual basis. Even if members of the Class and/or Subclass themselves could afford such individual litigation, the court system could not. Individualized litigation increases the delay and expense to all parties and the court system, due to the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

26. The Class and/or Subclass should also be certified because:

a. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual Class members which would establish incompatible standards of conduct for Defendant;

b. The prosecution of separate actions by individual members of the Class would create a risk of adjudication with respect to them, which would, as a practical matter, be dispositive of the interests of the other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

///

///

c. Defendant has acted or refused to act on grounds generally applicable to the Class, and/or the general public, thereby making appropriate final and injunctive relief with respect to the Classes as a whole.

## FIRST CAUSE OF ACTION
## GENDER DISCRIMINATION
### (Violation of Government Code §12940)
### (Against All Defendants)

27. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

28. This cause of action is brought on behalf of the Gender Discrimination Sub-Class.

29. Plaintiff is a person of the female gender. California Government Code section 12940(a) prohibits discrimination on the basis of gender.

30. Defendant's policy of conducting security checks on its employees carrying purses or bags disparately impacts Defendant's female employees. The practice results in Defendant's female employees being disproportionately detained for security, off-the-clock, without compensation for this time.

31. Defendant's policy regarding security checks, although facially neutral, had the effect of discriminating against Defendant's female employees because it disparately impacts them, to their detriment. Among other things, Defendant's policy results in the disparate loss of wages by Plaintiff and the Sub-Class.

32. There is no adequate business justification for Defendant's policy. Defendant could easily make the security check time on-the-clock time, and thereby obviate the discriminatory impact on the Class' loss of wages.

33. Defendant's policy has caused and continues to case injury to Plaintiff and the Class, including but not limited to, loss of wages.

34. Plaintiff has exhausted all administrative remedies required of her in order to initiate this action.

## SECOND CAUSE OF ACTION
## FAILURE TO PAY MINIMUM WAGES
**(Violation of Labor Code §§ 510, 1194, 1194.2, 1197; Wage Order No. 7-2001, §4)**
**(Against All Defendants)**

35. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

36. This cause of action is brought on behalf of the Class.

37. Labor Code §1197 provides: "The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful."

38. Labor Code § 1194, subdivision (a) provides: "Notwithstanding any agreement to work for a lesser wage, an employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

39. Labor Code § 1194.2 provides in relevant part: "In any action under Section 1193.6 or Section 1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

40. Pursuant to IWC Wage Order No. 7-2001, at all times material hereto, "hours worked" includes "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, where or not required to do so."

41. Plaintiff and Class members were required to undergo security checks anytime they wanted to leave Defendant's store with a bag, purse or container, including when they wanted to leave the store after clocking out for a meal break

or following their shift. The hours Plaintiff and Class members spent during security checks were "hours worked" under California law, requiring that Plaintiff and Class members be paid at least minimum wage for this time. Plaintiff and the Class were not paid for this time, in violation of California's minimum wage laws.

42. At all times relevant during the liability period, under the provisions of Wage Order No. 7-2001, Plaintiff and each Class member should have received not less than the minimum wage in a sum according to proof for the time worked, but not compensated.

43. For all hours that Plaintiff and the Class members worked, they are entitled to not less than the California minimum wage and, pursuant to Labor Code § 1194.2(a) liquidated damages in an amount equal to the unpaid minimum wages and interest thereon. Pursuant to Labor Code § 1194, Plaintiff and the Class members are also entitled to their attorneys' fees, costs and interest according to proof. At all times relevant during the liability period, Defendant willfully failed and refused, and continues to willfully fail and refuse, to pay Plaintiff and Class members the amounts owed.

44. As a direct and proximate result of Defendant's violation of Labor Code §§ 510 and 1197, Plaintiff and other Class members have suffered irreparable harm and money damages entitling them to damages, injunctive relief or restitution. Plaintiff, on behalf of themselves and on behalf of the Class, seeks damages and all other relief allowable including all wages due while working as Defendant's non-exempt employees, attorneys' fees, liquidated damages, prejudgment interest, and as to those employees no longer employed by Defendants, waiting time penalties pursuant to Labor Code § 200 *et seq.*

45. Plaintiff and the Class members are entitled to back pay, pre-judgment interest, liquidated damages, statutory penalties, attorneys' fees and costs, and for Plaintiff and the Class of members no longer employed, waiting time penalties pursuant to Labor Code § 1194.

# THIRD CAUSE OF ACTION
## UNLAWFUL FAILURE TO PROVIDE REST PERIODS
**(Violation of Labor Code §§ 226.7, 512, and 1194; IWC Wage Order No. 4-2001, §12)**

46. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

47. This cause of action is brought on behalf of the Class.

48. California Labor Code § 226.7(a) provides, "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

49. IWC Order No.7-2001(12)(A) provides, in relevant part: "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work times is less than three and one-half hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages."

50. IWC Order No.74-2001 (12)(B) further provides, "If an employer fails to provide an employee with a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided."

51. As alleged herein, Defendant does not permit Class members to leave the premises for a rest break unless they clock-out. This means that Class members cannot leave Defendant's premises for a paid rest break. This violates California law that rest break time is to be paid time, free of an employer's control. In addition, Plaintiff and the Class are required to undergo security

checks prior to leaving, and thus cannot leave the premises and take a full rest break consistent with California law.

52. By its actions, Defendant violated § 12 of IWC Wage Order No. 7-2001 and California Labor Code § 226.7, and are liable to Plaintiff and the Class.

53. Defendant's unlawful conduct alleged herein occurred in the course of employment of Plaintiff and all others similarly situated and such conduct has continued through the filing of this complaint.

54. As a direct and proximate result of Defendant's unlawful action, Plaintiff and the Class have been deprived of timely rest periods and/or were not paid for rest periods taking during the Class period, and are entitled to recovery under Labor Code § 226.7(b) in the amount of one additional hour of pay at the employee's regular rate of compensation for each work period during each day in which Defendant failed to provide employees with timely and/or paid rest periods.

## FOURTH CAUSE OF ACTION
### FAILURE TO FURNISH TIMELY AND ACCURATE WAGE STATEMENTS
**(Violation of Labor Code §§ 226 and 226.3)**

55. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

56. This cause of action is brought on behalf of the Class.

57. California Labor Code § 226(a) provides: "Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee…, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive

dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

58. Labor Code § 226(e) provides that an employee is entitled to recover $50 for the initial pay period in which a violation of § 226 occurs and $100 for each subsequent pay period, as well as an award of costs and reasonable attorneys' fees, for all pay periods in which the employer knowingly and intentionally failed to provide accurate itemized statements to the employee causing the employee to suffer injury.

59. Plaintiff is informed, believe and thereon alleges that at all times relevant, Defendants knowingly and intentionally failed to furnish and continues to knowingly and intentionally fail to furnish Plaintiff and each Class member with timely and accurate itemized statements showing the gross wages earned by each of them, as required by Labor Code § 226 (a), in that the payments owed to Plaintiff and the members of the Class for unpaid minimum wages, and missed rest periods, were not included in gross wages earned by Plaintiff and the Class. Defendants' failure to provide Plaintiff Class members with accurate itemized wage statements has caused Plaintiff and members of the Class to incur economic damages in that they were not aware that they were owed and not paid compensation for missed rest periods, and for hours worked without pay.

60. As a result of Defendant's issuance of inaccurate itemized wage statements to Plaintiff and members of the Class in violation of Labor Code § 226(a), Plaintiff and the members of the Class are each entitled to recover penalties pursuant to § 226(e) of the Labor Code.

# FIFTH CAUSE OF ACTION
## VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION ACT
(Violation of California's Unfair Competition Law, Bus. & Prof. Code §§ 17200 *et seq.*)

61. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

62. This cause of action is brought on behalf of the Class.

63. Section 17200 of the California Business and Professions Code (the "UCL") prohibits any unlawful, unfair, or fraudulent business practices.

64. Through its actions alleged herein, Defendant has engaged in unfair competition within the meaning of the UCL. Defendant's conduct, as alleged herein, constitutes unlawful, unfair, and/or fraudulent business practices under the UCL.

65. Defendant's unlawful conduct under the UCL includes, but is not limited to, violating the statutes and regulations alleged herein; failure to pay Class members wages and compensation they earned through labor provided; and employees fundamental right to be paid wages in a timely fashion for their work; and failing to otherwise compensate Class members, as alleged herein. Defendant's fraudulent conduct includes, but is not limited to, issuing wage statements containing false and/or misleading information about the time the Class members worked and the amount of wages or compensation due. Defendant's unfair conduct is implementing policies and practices which deprived Class members of minimum wage for all hours worked, and legally-mandated rest breaks, and which constituted gender discrimination.

66. Plaintiff has standing to assert this claim because she has suffered injury in fact and has lost money as a result of Defendant's conduct.

67. Plaintiff and the Class seek restitutionary disgorgement from Defendant in connection with its unlawful, unfair, and/or fraudulent conduct alleged herein.

# **PRAYER**

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated and also on behalf of the general public, pray for judgment against Defendant as follows:

A. An order that this action may proceed and be maintained as a class action;

B. For all damages for gender discrimination, including but not limited to, special, consequential, and general damages.

C. For all unpaid minimum wages and liquidated damages due to Plaintiff and each Class member on their minimum wage claim;

D. For one hour of wages due to Plaintiff and each Class member for rest breaks;

E. For all statutory penalties including, but not limited to, under Labor Code §§ 223 and 226(e);

F. For all wages and penalties under California Labor Code §226.7(c);

G. For all wages and penalties under California Labor Code §226(e);

H. For restitutionary disgorgement pursuant to the UCL;

I. Prejudgment interest at the maximum legal rate;

J. Reasonable attorneys' fees;

K. Accounting of Defendant's records for the liability period;

L. General, special and consequential damages, to the extent allowed by law;

M. Costs of suit; and

N. Such other relief as the Court may deem just and proper.

DATED:  August 13, 2018          **HAFFNER LAW PC**
                         By:    /s/ Joshua H. Haffner
                                Joshua H. Haffner
                                Attorney for Plaintiff and others
                                Similarly situated

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury for herself and the Class members on all claims so triable.

DATED: August 13, 2018              **HAFFNER LAW PC**

                               By:   /s/ Joshua H. Haffner
                                     Joshua H. Haffner
                                     Attorneys for Plaintiff and others
                                     Similarly situated