UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  ED CV 18-1716 MWF (SPx)              Date:  October 29, 2019
          CV 19-3618-MWF (Ex)
Title:    Alicia Rodriguez v. Marshalls of CA, LLC et al.
          Joan Catheryn Paulino v. Marshalls of CA, LLC et al.

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

          Deputy Clerk:                        Court Reporter:
          Rita Sanchez                         Not Reported

          Attorneys Present for Plaintiff:     Attorneys Present for Defendant:
          None Present                         None Present

Proceedings (In Chambers):   ORDER RE: RODRIGUEZ PLAINTIFFS' MOTION
                             FOR PRELIMINARY APPROVAL OF CLASS
                             ACTION SETTLEMENT [20]; PAULINO
                             PLAINTIFFS' AMENDED MOTION FOR
                             PRELIMINARY APPROVAL OF SETTLEMENT
                             [40]

        Before the Court are two identical motions:

        On September 20, 2019, Plaintiff Joan Catheryn Paulino filed an Amended
Motion for Preliminary Approval of Class Action Settlement (the "Motion") in her
action, CV 19-3618-MWF-E ("Paulino Action").  (Docket No. 40).  On September 30,
2019, Defendant Marshalls of CA, LLC ("Marshalls") filed a Notice of Non-
Opposition.  (Docket No. 44).

        On September 25, 2019, Plaintiff Alicia Rodriguez filed an identical Motion for
Preliminary Approval of Class Action Settlement in her action, ED CV 18-1716-
MWF-SP ("Rodriguez Action").  (Docket No. 20).  On September 30, 2019, Defendant
filed an identical Notice of Non-Opposition.  (Docket No. 23).

        Per the parties' stipulation, the two actions have been consolidated for the
limited purpose of the class action settlement approval process.  (Paulino Action
Docket No. 38; Rodriguez Action Docket No. 17).

CIVIL MINUTES—GENERAL                                                              1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  **ED CV 18-1716 MWF (SPx)**            Date:  **October 29, 2019**
**CV 19-3618-MWF (Ex)**
Title:    Alicia Rodriguez v. Marshalls of CA, LLC et al.
          Joan Catheryn Paulino v. Marshalls of CA, LLC et al.

The Court reviewed and considered the papers submitted on the Motions and held a hearing on October 21, 2019.

For the reasons discussed below, the Motions are **GRANTED**.  The proposed settlement is procedurally and substantively fair, and the proposed class meets the requirements of Federal Rules of Civil Procedure 23(a) and (b)(3).  The proposed notices and dissemination procedure also appear effective, and meet the requirements of Federal Rule of Civil Procedure 23(c).  It is a closer call whether the parties may settle the wage claims under Labor Code section 558, but the Court preliminarily approves the inclusion of these claims in the settlement given the protections the parties have provided for PAGA Affected Employees.

I.    **BACKGROUND**

      A.    **Factual and Procedural Background**

            1.    **Rodriguez Action**

On August 16, 2018, Plaintiff Rodriguez commenced her class action in this Court.  (Rodriguez Action, Docket No. 1).  In her Complaint, Rodriguez alleges that Defendant engaged in gender discrimination and violated California laws based on its policy and practice of conducting security checks any time its employees leave a store with a purse or a bag without providing compensation for that time.  (*Id.* ¶ 1).

Rodriguez brings the action on behalf of herself and California residents who formerly or currently worked for Defendant as non-exempt employees beginning August 11, 2016, through the date notice is mailed to the Class.  (*Id.* ¶ 18).  Her Complaint alleges five claims for relief: (1) gender discrimination; (2) failure to pay minimum wages; (3) failure to provide rest breaks; (4) failure to furnish timely and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  ED CV 18-1716 MWF (SPx)          Date:  October 29, 2019
              CV 19-3618-MWF (Ex)
Title:      Alicia Rodriguez v. Marshalls of CA, LLC et al.
              Joan Catheryn Paulino v. Marshalls of CA, LLC et al.

accurate wage statements; and (5) violation of California's Unfair Competition Act
("UCL").  (*Id.* ¶¶ 27-67).

## 2.  Paulino Action

On November 16, 2018, Plaintiff Paulino commenced her class action in the San
Diego County Superior Court.  (*See* Paulino Action, Notice of Removal ("NoR")
(Docket No. 1), Ex. A Complaint (Docket No. 1-2)).  Defendant removed the action to
the District Court for the Southern District of California on January 14, 2019.  (*Id.*).

On January 30, 2019, Defendant filed a motion to strike Paulino's class
allegations.  (Paulino Action, Docket No. 8).  In response, Paulino filed a First
Amended Complaint ("FAC") on March 15, 2019.  (Paulino Action, Docket No. 24).

In the FAC, Paulino alleges that Defendant violated California law based on its
policy and practice of requiring its non-exempt employees to close Defendant's stores
without compensation.  (FAC ¶ 1).  She further alleges that Defendant has a policy of
practice of conducting security checks any time its employees leave a store with a
purse or bag without providing compensation for that time in violation of California
law.  (*Id.* ¶ 2).

Paulino brings the action on behalf of herself and California residents who
formerly or currently worked for Defendant as non-exempt employees from August 11,
2016, through the date notice is mailed to the Class, and who opted out of arbitration.
(*Id.* ¶ 17).  Her Complaint alleges seven claims for relief: (1) failure to pay minimum
wages; (2) failure to pay overtime wages; (3) failure to provide rest breaks; (4) failure
to provide meal breaks; (5) failure to furnish timely and accurate wage statements; (6)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  ED CV 18-1716 MWF (SPx)              Date:  October 29, 2019
          CV 19-3618-MWF (Ex)
Title:    Alicia Rodriguez v. Marshalls of CA, LLC et al.
          Joan Catheryn Paulino v. Marshalls of CA, LLC et al.

violation of California's UCL; and (7) civil penalties pursuant to the Private Attorney General Act, Labor Code section 2698, *et seq*.  (*Id.* ¶¶ 26-69).

On April 29, 2019, the parties filed a joint motion to transfer venue to the Central District of California.  (Paulino Action, Docket No. 21)  The case was transferred to this Court on April 30, 2019.  (Paulino Action, Docket No. 23).

## B.  Mediation

On June 12, 2019, the parties participated in an all-day private mediation session with Tripper Ortman, an experienced mediator with over 17 years of litigation experience.  (Mot. at 3).  On or about July 17, 2019, the Parties came to an agreement to resolve both cases.  (*Id.*).

On September 20 and September 25, 2019, Plaintiffs Paulino and Rodriguez filed their respective motions, seeking preliminary approval of the parties' settlement and certification of a settlement class pursuant to Rule 23(b)(3).  Because the two motions and non-oppositions are identical in the Paulino and Rodriguez actions, the Court only refers to the papers filed in the Paulino Action for simplicity in the remainder of this Order.

## C.  The Settlement

The proposed settlement agreement (the "Settlement Agreement" or "Agreement") is attached to the Declaration of Joshua Haffner ("Haffer Decl.") (Paulino Action, Docket No. 40-1) as Exhibit 1.  (Paulino Action, Docket No. 40-2). The Agreement contains the following key class definition, relief, notice, and release provisions:

- "Settlement Class" is defined as: "all current and former non-exempt store employees who worked for Defendant in the State of California during the Class

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  ED CV 18-1716 MWF (SPx)                    Date:  October 29, 2019
          CV 19-3618-MWF (Ex)
Title:    Alicia Rodriguez v. Marshalls of CA, LLC et al.
          Joan Catheryn Paulino v. Marshalls of CA, LLC et al.

Period and who opted out of Defendant's arbitration agreement."  (Agreement ¶ 1.3);

- "Settlement Class Period" is defined as "the period from August 11, 2016 through and including the Preliminary Approval Date."  (Agreement ¶ 1.8);

- "PAGA Affected Employees" is defined as "all current and former non-exempt store employees who worked for Defendant in the State of California from December 27, 2017 through and including the Preliminary Approval Date." (Agreement ¶ 1.23).

- "Participating PAGA Affected Employees" is defined as "all PAGA Affected Employees who do not submit a timely Request for Exclusion (*i.e.*, opt-out) of the PAGA Wage Payment portion of the Settlement, and therefore, are entitled to receive a PAGA Wage Payment."  (Agreement ¶ 1.28).

- Marshalls will pay a Maximum Settlement Amount of $1,125,000 (Agreement ¶¶ 1.19, 3.7.1).  The Maximum Settlement will be used to: (i) pay each Participating Class Member $50 to resolve all claims for unpaid wages and statutory penalties, estimated to total $56,250 (*Id.* ¶ 3.7.1.5); (ii) pay $65,000 for settlement administration costs (*id.* ¶ 3.7.1.4); (iii) pay $281,250 for class counsel fees (*Id.* ¶ 3.7.1.2); (iv) pay $15,000 for the class counsel costs award (*Id.* ¶ 3.7.1.3); (v) pay $5,000 to Plaintiff Rodriguez and $5,000 to Plaintiff Paulino for their service awards (*Id.* ¶ 3.7.1.1); and (vi) pay a PAGA Distribution Amount, which is estimated to be $697,500 (*Id.* ¶¶ 37.1.6).

- 75% of the PAGA Distribution Amount shall be paid to resolve PAGA Wage claims, *i.e.*, claims for unpaid wages under California Labor Code section 558(3) (Agreement ¶ 37.1.6.1).  The remaining 25% of the amount shall be paid to resolve PAGA Non-Wage claims, *i.e.*, all claims for civil penalties under the PAGA for any violation of three California Labor Code alleged in the Actions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  ED CV 18-1716 MWF (SPx)              Date:  October 29, 2019
          CV 19-3618-MWF (Ex)
Title:    Alicia Rodriguez v. Marshalls of CA, LLC et al.
          Joan Catheryn Paulino v. Marshalls of CA, LLC et al.

(*Id.* ¶¶ 37.1.6.2).  75% of the PAGA Non-Wage Payment shall be paid to the California Labor and Workforce Development Agency ("LWDA") and 25% of the amount shall be paid on a pro rata basis to PAGA Affected Employees. (*Id.*).

- No more than 60 calendar days after entry of the Preliminary Approval Order, Defendant shall provide the Settlement Administrator with the Employee List for purposes of mailing the Notice of Settlement to Class Members and PAGA Affected Employees.  (Agreement ¶ 3.8.5).

- Upon receipt of the Employee List, the Settlement Administrator will conduct a national change of address search and a skip trace for the most current address of all former employee Class Members and PAGA Affected Employees and will update such former employee's addresses as necessary.  (Agreement ¶ 3.8.6).

- 21 calendar days after receipt of the Employee List, the Settlement Administrator shall mail the Notice of Settlement to all Class Members and PAGA Affected Employees by First Class U.S. Mail.  (Agreement ¶ 3.8.6).

- Any Notice of Settlement returned to the Settlement Administrator as non-deliverable on or before a date 14 calendar days before the Response Deadline shall be re-mailed to the forwarding address affixed thereto.  (Agreement ¶ 3.8.7).  If no forwarding address is provided, the Settlement Administrator shall make reasonable efforts to obtain an updated mailing address, and if an updated address is identified, resend the Notice of Settlement within 7 days of the date of the return of the Notice of Settlement.  (*Id.*).

- The Notice of Settlement shall state that Class Members who wish to exclude themselves from Class Member Payment portion of the Settlement must submit a written Request for Exclusion to the Settlement Administrator within 60 days after the Notice of Settlement is mailed.  (Agreement ¶¶ 1.38, 3.8.9.1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  ED CV 18-1716 MWF (SPx)              Date:  October 29, 2019
          CV 19-3618-MWF (Ex)
Title:    Alicia Rodriguez v. Marshalls of CA, LLC et al.
          Joan Catheryn Paulino v. Marshalls of CA, LLC et al.

- The Notice of Settlement also shall state that PAGA Affected Employees who wish to exclude themselves from the PAGA Wage Payment portion of the Settlement must submit a written Request for Exclusion to the Settlement Administrator within 60 days after the Notice of Settlement is mailed. (Agreement ¶¶ 1.38; 3.8.9.2).  However, PAGA Affected Employees shall not have an opportunity to exclude themselves from the PAGA Non-Wage Payment portion of the Settlement.  (*Id.* ¶ 3.7.1.6.2).

- No later than 14 calendar days after the Response Deadline, the Settlement Administrator shall provide Defense Counsel with a complete list of all Class Members and PAGA Affected Employees who have submitted timely and valid Requests for Exclusion.  (*Id.* ¶ 3.8.9.3).

- No fewer than 30 calendar days prior to the Final Approval Hearing, the Settlement Administrator shall provide the Parties with a statement detailing the actions taken by the Settlement Administrator to administer the Settlement to date, along with all incurred and anticipated Settlement Administration Costs. (Agreement ¶ 3.8.12).

- Participating Class Members will release all claims that were alleged or could have been alleged based on the facts, allegations, and legal theories in the complaints in the Actions.  (Agreement ¶¶ 1.2, 1.33).

## II.  **PRELIMINARY APPROVAL OF SETTLEMENT**

"Approval of a class action settlement requires a two-step process — a preliminary approval followed by a later final approval."  *Spann v. J.C. Penney Corp.*, 314 F.R.D. 312, 319 (C.D. Cal. 2016).  The standard of review differs at each stage. At the preliminary approval stage, the Court need only "evaluate the terms of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  ED CV 18-1716 MWF (SPx)              Date:  October 29, 2019
          CV 19-3618-MWF (Ex)
Title:    Alicia Rodriguez v. Marshalls of CA, LLC et al.
          Joan Catheryn Paulino v. Marshalls of CA, LLC et al.

settlement to determine whether they are within a range of possible judicial approval." *Wright v. Linkus Enters., Inc.*, 259 F.R.D. 468, 472 (E.D. Cal. 2009).

"[P]reliminary approval of a settlement has both a procedural and a substantive component."  *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1080 (N.D. Cal. 2007).  Procedurally, the Ninth Circuit emphasizes that the parties should have engaged in an adversarial process to arrive at the settlement.  *See Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009) ("We put a good deal of stock in the product of an arms-length, non-collusive, negotiated resolution, and have never prescribed a particular formula by which that outcome must be tested.") (citations omitted).  "A presumption of correctness is said to attach to a class settlement reached in arm's-length negotiations between experienced capable counsel after meaningful discovery."  *Spann*, 314 F.R.D. at 324 (quoting *In re Heritage Bond Litig.*, 2005 WL 1594403, *9 (C.D. Cal. June 10, 2005)).

Substantively, the Court should look to "whether the proposed settlement discloses grounds to doubt its fairness or other obvious deficiencies such as unduly preferential treatment of class representatives or segments of the class, or excessive compensation of attorneys."  *Alberto v. GMRI, Inc.*, 252 F.R.D. 652, 666 (E.D. Cal. 2008) (quoting *West v. Circle K Stores, Inc.*, No. 04-cv-0438-WBS, 2006 WL 1652598, at *11 (E.D. Cal. June 13, 2006)).

A.    **Procedural Component**

The proposed settlement appears to be procedurally fair to Settlement Class Members.

Plaintiffs' counsel have extensive experience litigating consumer class actions on behalf of plaintiffs.  (*See* Haffner Decl. ¶¶ 21-27).  Plaintiffs' counsel have represented plaintiffs in numerous class action trials in state and federal courts in California.  (*See id.*).  Plaintiffs' counsel have also been certified to act as class counsel

_____

**CIVIL MINUTES—GENERAL**                                              **8**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  ED CV 18-1716 MWF (SPx)                Date:  October 29, 2019
          CV 19-3618-MWF (Ex)
Title:    Alicia Rodriguez v. Marshalls of CA, LLC et al.
          Joan Catheryn Paulino v. Marshalls of CA, LLC et al.

in more than 12 different class actions in California, both in state and federal courts.
(*Id*. ¶¶ 23).

    The Court is familiar with the actions and is confident that they were vigorously
litigated on both sides.  The parties conducted formal discovery over the course of this
action, including response to special interrogatories and document production.
(Haffner Decl. ¶ 6).  Defendant also informally produced information in advance of the
mediation.  (*Id*.).  Given the parties' vigorous and often contentious litigation of this
case, the Court has no doubts that the settlement is "the product of an arms-length,
non-collusive, negotiated resolution[.]"  *Rodriguez*, 563 F.3d at 965.

    Additionally, the parties attended a mediation session on June 12, 2019 with
Tripper Ortman, an experienced mediator with over 17 years of litigation experience.
(Haffner Decl. ¶ 7).  The parties came to an agreement on or about July 17, 2019,
following further negotiation and discussion.  (*Id*.).  The fact that the parties utilized an
experienced mediator to reach the settlement agreement supports the notion that it was
the product of arms-length negotiation.  *See Alberto*, 252 F.R.D. at 666-67 (noting the
parties' enlistment of "a prominent mediator with a specialty in [the subject of the
litigation] to assist the negotiation of their settlement agreement" as an indicator of
non-collusiveness) (citing *Parker v. Foster*, No. 05-cv-0748-AWI, 2006 WL 2085152,
at *1 (E.D. Cal. July 26, 2006)); *Glass v. UBS Fin. Servs., Inc.*, No. 06-cv-4068-MMC,
2007 WL 221862, at *5 (N.D. Cal. Jan. 26, 2007)).

    The Court concludes that the proposed class is represented by experienced
counsel who engaged in meaningful discovery and motion practice while pursuing
arms-length settlement negotiations.  The procedural component of the inquiry is met.

### B.    **Substantive Component**

    The proposed settlement also appears to be generally reasonable and fair to
Settlement Class Members.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  ED CV 18-1716 MWF (SPx)          Date:  October 29, 2019
          CV 19-3618-MWF (Ex)
Title:    Alicia Rodriguez v. Marshalls of CA, LLC et al.
          Joan Catheryn Paulino v. Marshalls of CA, LLC et al.

─────────────────────────────────────────────────────────────────────────────

        As discussed above, pursuant to the Agreement, Marshalls has agreed to create a
non-reversionary settlement fund in the amount of $1,125,000.  (Mot. at 3).  It is
estimated that there are approximately 1,125 Class Members and 18,000 PAGA
Affected Employees.  (Haffner Decl. ¶ 10).  Marshalls has changed its bag check and
store closing policies in April 2017 so that it became policy to do bag checks and store
closing procedures prior to clocking out.  (*Id.* ¶ 11).  If the Court were to ultimately
approve Plaintiff's counsels' 25% fee request, after deduction of fees ($281,250), costs
($15,000), administrative expenses ($65,000), PAGA payment to the State of
California ($37,500.00), and service awards to the named Plaintiff ($10,000), there
would be approximately $56,250 to be distributed to Class Members and $597,500 to
be distributed to PAGA Affected Members.  (Mot. at 4-6).  Assuming that no Class
Members and PAGA Affected Employees opt out of their respective portions of the
Settlement, each Participating Class Member will receive $50 (subject to applicable tax
withholdings), each Participating PAGA Affected Employee will receive
approximately $29.06 (subject to applicable tax withholdings), and each PAGA
Affected Employee will receive a PAGA Non-Wage Payment of approximately $2.42.
(Haffner Decl. ¶ 10).

        As Plaintiffs contend, there are certain risks should they continue to pursue their
actions, including the following: (1) Plaintiffs may not prevail on some or all of their
substantive claims, particularly after Defendant's change of policies after April 2017;
(2) PAGA penalties are discretionary by the Court and could be awarded in a reduced
amount or not awarded at all; (3) some of Plaintiffs' causes of action may not be
amenable to class-wide resolution, particularly after Defendant's change of policies
after April 2017; (4) the uncertainty associated with trial; and (5) Defendant would
likely appeal any adverse orders or judgments. (Mot. at 17).  Therefore, Plaintiffs
argue that their recovery of approximately 14.4% of their total valuation for the case is
acceptable.  (*Id.*).  The Court determines that the recovery of $50 per Class Member
and approximately $29.06 for PAGA wage claims and $2.42 for PAGA non-wage
claims are a reasonable level of compensation.  *See, e.g.*, *Nat'l Rural
Telecommunications Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 526 (C.D. Cal. 2004)

─────────────────────────────────────────────────────────────────────────────

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  ED CV 18-1716 MWF (SPx)              Date:  October 29, 2019
          CV 19-3618-MWF (Ex)
Title:    Alicia Rodriguez v. Marshalls of CA, LLC et al.
          Joan Catheryn Paulino v. Marshalls of CA, LLC et al.

(emphasizing the requirement that courts "consider the vagaries of litigation and
compare the significance of immediate recovery by way of the compromise to the mere
possibility of relief in the future, after protracted and expensive litigation") (citation
omitted).

Additionally, the incentive award to each of the named Plaintiffs, not to exceed
$5,000 each, does not appear to be unreasonable, as incentive awards typically range
between $2,000 and $10,000.  *See Bellinghausen v. Tractor Supply Co.*, 306 F.R.D.
245, 267 (N.D. Cal. 2015) (collecting cases).  Furthermore, the total $10,000 payment
to the two class representatives would constitute less than 1% of the gross settlement
amount.  And to the extent the Court awards an amount less than what is sought, "the
un-awarded amount will be added to the PAGA Distribution Amount" and "Plaintiffs
shall not have the right to revoke their agreement to the Settlement on the grounds the
Court does not approve any or all of the requested Service Awards."  (Agreement ¶
3.7.1.1).

    1.    **Attorneys' fees**

In the Ninth Circuit, there are two primary methods to calculate attorneys' fees:
the lodestar method and the percentage-of-recovery method.  *In re Online DVD-Rental
Antitrust Litig.*, 779 F.3d at 949 (citation omitted).

"The lodestar method requires 'multiplying the number of hours the prevailing
party reasonably expended on the litigation (as supported by adequate documentation)
by a reasonable hourly rate for the region and for the experience of the lawyer.'"  *Id.*
(citation omitted).  "Under the percentage-of-recovery method, the attorneys' fees
equal some percentage of the common settlement fund; in this circuit, the benchmark
percentage is 25%."  *Id.* (citation omitted).  However, the "benchmark percentage
should be adjusted, or replaced by a lodestar calculation, when special circumstances
indicate that the percentage recovery would be either too small or too large in light of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  ED CV 18-1716 MWF (SPx)              Date:  October 29, 2019
          CV 19-3618-MWF (Ex)
Title:    Alicia Rodriguez v. Marshalls of CA, LLC et al.
          Joan Catheryn Paulino v. Marshalls of CA, LLC et al.

the hours devoted to the case or other relevant factors." *Six Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990).

"The Ninth Circuit has identified a number of factors that may be relevant in determining if the award is reasonable: (1) the results achieved; (2) the risks of litigation; (3) the skill required and the quality of work; (4) the contingent nature of the fee; (5) the burdens carried by class counsel; and (6) the awards made in similar cases." *Martin v. Ameripride Services, Inc.*, No. 08-cv-440–MMA, 2011 WL 2313604, at *8 (S.D. Cal. June 9, 2011) (citing *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048–50 (9th Cir. 2002)).  The choice of "the benchmark or any other rate must be supported by findings that take into account all of the circumstances of the case." *Vizcaino*, 290 F.3d at 1048.

Plaintiffs' counsel indicate that they intend to apply for a fee award of up to a total of $281,250, which represents 25% of the $1,125,000 total settlement fund. (Agreement ¶ 3.7.1.2; Mot. at 14).  Plaintiffs' counsel also seeks costs not to exceed $15,000.  (Agreement ¶ 3.7.1.3).  The Agreement also provides that the "Settlement is not contingent upon the Court awarding Class Counsel any particular amount in attorneys' fees.  (*Id.* ¶ 3.7.1.2).  Further, the Agreement provides that "[i]n the event that the court awards less than the full amount requested for the Class Counsel Fees Award, the un-awarded amount will be added to the PAGA Distribution Amount." (*Id.*).

## *2.* Impact of *Lawson*

The parties' Settlement Agreement contains an allocation for wage payments under Labor Code section 558.  Both parties argue that the Agreement should be approved despite the California Supreme Court's decision in *ZB, N.A. v. Superior Court of San Diego Cty.*, 8 Cal. 5th 175, 448 P.3d 239 ("*Lawson*").

On September 12, 2019, the California Supreme Court decided *Lawson*.  There, an employee sought unpaid wages for herself and other aggrieved employees as civil

---

**CIVIL MINUTES—GENERAL**                                          12

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  ED CV 18-1716 MWF (SPx)              Date:  October 29, 2019
          CV 19-3618-MWF (Ex)
Title:    Alicia Rodriguez v. Marshalls of CA, LLC et al.
          Joan Catheryn Paulino v. Marshalls of CA, LLC et al.

penalties under the Private Attorneys General Act of 2004 ("PAGA") (Cal. Lab. Code, § 2698 et seq.).  448 P.3d at 241.  The California Supreme Court granted a petition for review "to resolve the split of authority over whether an employer may compel arbitration of an employee's PAGA claim requesting unpaid wages under [Labor Code] section 558."  *Id.* at 243.  "But to resolve this case," the court explained that it "must answer a more fundamental question: whether a plaintiff may seek that amount in a PAGA action at all."  *Id.* at 241.  The supreme court concluded that she may not. The supreme court explained that "the civil penalties a plaintiff may seek under section 558 through the PAGA do not include the 'amount sufficient to recover underpaid wages.'"  *Id.* at 241.

Here, the Parties' Agreement includes in its scope PAGA claims for unpaid wages.  Specifically, the Agreement requires that "all Participating PAGA Affected Employees release the Released Parties from the Released PAGA Wage Claims." (Agreement ¶ 3.7.3).  "The Released PAGA Wage Claims include a 1542 Waiver, which applies to all claims for unpaid wages under California Labor Code section 558(3) that were alleged or that could have been alleged based on the facts alleged in the original or First Amended Complaint in the *Paulino* Action."  (*Id.*).  In return, the Agreement provides for approximately $523,125 to be paid to Participating PAGA Affected Employees.  (*Id.* ¶ 3.7.1.6.1).

The parties acknowledge that under *Lawson*, employees may not collect section 558's unpaid wages through a PAGA action.  (Mot. at 18; Non-Opposition at 2-3). Nonetheless, the parties request that the Court grant the Motion because (1) the Settlement was reached before *Lawson* was issued; and (2) the settlement protects PAGA Affected Employees' due process rights in anticipation of a potential change in the governing law.  (Mot. at 19; Non-Opposition at 3-5, 7-9).

First, Plaintiffs point out that the parties entered into the Settlement Agreement before *Lawson* was decided.  The parties mediated the case on June 19, 2019, reached an agreement on the material terms of the settlement through a written Memorandum

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  ED CV 18-1716 MWF (SPx)                Date:  October 29, 2019
          CV 19-3618-MWF (Ex)
Title:    Alicia Rodriguez v. Marshalls of CA, LLC et al.
          Joan Catheryn Paulino v. Marshalls of CA, LLC et al.

of Understanding on or about July 3, 2019, and fully executed the long-form
Settlement Agreement on September 4, 2019.  (Mot. at 18).  The parties also submitted
the Settlement Agreement to the LWDA on the same day, on September 4, 2019.
*Lawson* was decided on September 12, 2019.  Because the parties relied on existing
law in making and effectuating the settlement, and because it is questionable whether
*Lawson* has retroactive effect here, Plaintiff argues that the Agreement should be
approved.  (Mot. at 18-19).

        Second, Defendant argues that the settlement anticipated the eventual ruling in
*Lawson* by protecting PAGA Affected Employees' due process rights.  (Non-
Opposition at 3-4).  The parties structured the Settlement so that all PAGA Affected
Employees will receive notice of the settlement and an opportunity to object to or opt
out of the PAGA Wage Payment portion of the settlement.  (*Id.* at 4; Agreement ¶¶
1.26, 3.8.9.2).  Defendant notes that the parties' proposed Notice of Settlement to be
sent to each Class Member satisfies the objection and opt-out procedures of Federal
Rule of Civil Procedure 23(c)(2)(B).  (Non-Opposition at 4).  Because the PAGA
Affected Employees are receiving the same notice and option to object or opt out as
Class Members, Defendant asserts that "the PAGA Affected Employees will receive
the same due process rights with respect to the claim for unpaid wages that they would
under a traditional class action settlement."  (*Id.* at 5).

        Moreover, Defendant argues that courts have viewed settlements favorably
where the parties account for a potential change in the governing law in their
settlement negotiations.  (Non-Opposition at 7).  In support of this claim, Defendant
cites several district court cases in which motions for approval of class settlements
were granted despite the California Supreme Court's decision in *Brinker Restaurant
Corp. v. Superior Court*, 53 Cal. 4th 1004, 139 Cal Rptr. 3d 315 (2012) (*Id.* at 7-8).  In
*Brinker*, the California Supreme Court held that an employer with a duty to provide
meal periods is to "relieve the employee of all duty for the designated period, but need
not ensure that the employee does no work."  53 Cal. 4th at 1034.  After *Brinker* was
decided, several district courts approved class action settlements reached before

CIVIL MINUTES—GENERAL                                                    14

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  ED CV 18-1716 MWF (SPx)          Date:  October 29, 2019
          CV 19-3618-MWF (Ex)
Title:    Alicia Rodriguez v. Marshalls of CA, LLC et al.
          Joan Catheryn Paulino v. Marshalls of CA, LLC et al.

*Brinker* – despite the change in the law after *Brinker* – because the certainty of
settlement in the face of the risks of unsettled law and continued litigation favored
settlement approval.  (Non-Opposition at 8 (citing cases)).

     The Court finds this to be a close call.  Unlike *Brinker*, which merely had the
effect of weakening the plaintiff's claims, *Lawson* bars a PAGA plaintiff for bringing
unpaid wage claims.  Nonetheless, the Court notes that the parties entered into their
settlement before *Lawson* was decided and provided for protections for PAGA
Affected Employees.  Specifically, the parties have provided for the same notice and
the option to object or opt-out for PAGA Affected Employees that they are providing
for the Class Members.

     The Court finds the Agreement to be both procedurally and substantively fair,
and that the agreement is not barred under *Lawson*.  The Motion is therefore
**GRANTED** insofar as the Agreement is preliminarily **APPROVED**.

## III.  CLASS CERTIFICATION

     Plaintiffs seeks certification of a class for settlement purposes only pursuant to
Federal Rule of Civil Procedure 23(b)(3).  A court may certify a class for settlement
purposes only.  *See In re Online DVD-Rental Antitrust Litig.*, 779 F.3d at 942.  In
*Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997), the Supreme Court explained
the differences between approving a class for settlement and for litigation purposes:

     Confronted with a request for settlement-only class certification, a district
     court need not inquire whether the case, if tried, would present intractable
     management problems, *see* Fed. Rule Civ. Proc. 23(b)(3)(D), for the
     proposal is that there be no trial.  But other specifications of the Rule —
     those designed to protect absentees by blocking unwarranted or overbroad
     class definitions — demand undiluted, even heightened, attention in the
     settlement context.  Such attention is of vital importance, for a court asked
     to certify a settlement class will lack the opportunity, present when a case

_____

**CIVIL MINUTES—GENERAL**                                              15

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  ED CV 18-1716 MWF (SPx)                     Date:  October 29, 2019
          CV 19-3618-MWF (Ex)
Title:    Alicia Rodriguez v. Marshalls of CA, LLC et al.
          Joan Catheryn Paulino v. Marshalls of CA, LLC et al.

is litigated, to adjust the class, informed by the proceedings as they
unfold.

*Id.* at 620.

    As discussed above, the proposed Settlement Class is defined in the Agreement
as:  "[A]ll current and former non-exempt store employees who worked for Defendant
in the State of California [between August 11, 2016 through and including the
Preliminary Approval Date] and who opted out of Defendant's arbitration agreement."

(Agreement ¶ 1.3).

    Federal Rule of Civil Procedure 23(a) requires the putative class to meet four
threshold requirements: numerosity, commonality, typicality, and adequacy of
representation.  *Id.*; *see also Leyva v. Medline Indus. Inc.*, 716 F.3d 510, 512 (9th Cir.
2013).  In addition, the proposed class must satisfy Rule 23(b)(3), which requires that
"questions of law or fact common to class members predominate over any questions
affecting only individual members, and that a class action is superior to other available
methods for fairly and efficiently adjudicating the controversy."  Fed. R. Civ. P.
23(b)(3).  Considering these requirements, the Court concludes that class certification
is appropriate.

    A.    **Numerosity**

    Under Rule 23(a)(1), a class must be "so numerous that joinder of all members
is impracticable . . . ."  *Id.*  As noted above, the Settlement Class consists of a potential

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  ED CV 18-1716 MWF (SPx)              Date:  October 29, 2019
          CV 19-3618-MWF (Ex)
Title:    Alicia Rodriguez v. Marshalls of CA, LLC et al.
          Joan Catheryn Paulino v. Marshalls of CA, LLC et al.

---

nationwide class of 1,125 Class Members.  (Mot. at 8).  This is more than enough to satisfy Rule 23(a)(1)'s numerosity requirement.

### B.    Commonality

Rule 23(a)(2) requires that the case present "questions of law or fact common to the class."  *Id.*  The Supreme Court's decision in *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011), clarified that to demonstrate commonality, the putative class must show that their claims "depend upon a common contention . . . that it is capable of classwide resolution — which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* at 350.  That requirement is met here, as (if this case were to proceed to trial) each member of the Settlement Class would seek resolution of the same legal and factual issues: whether or not Defendant's bag check and store closing policies complied with California law.  (Mot. at 8-9).  The commonality requirement is satisfied.

### C.    Typicality

Rule 23(a)(3) requires the putative class to show that "the claims or defenses of the representative parties are typical of the claims or defenses of the class."  *Id.*  The claims of the representative parties need not be identical to those of the other putative class members; "[i]t is enough if their situations share a 'common issue of law or fact,' and are 'sufficiently parallel to insure a vigorous and full presentation of all claims for relief.'"  *California Rural Legal Assistance, Inc. v. Legal Servs. Corp.*, 917 F.2d 1171, 1175 (9th Cir. 1990) (internal citations omitted).  Here, the named Plaintiff's claims are premised on exactly the same practice as those of the absent settlement class members:  Defendant's non-compliance with the law based on its bag checks and store closing procedures.  (Mot. at 19).  The typicality requirement is satisfied.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  ED CV 18-1716 MWF (SPx)                    Date:  October 29, 2019
          CV 19-3618-MWF (Ex)
Title:    Alicia Rodriguez v. Marshalls of CA, LLC et al.
          Joan Catheryn Paulino v. Marshalls of CA, LLC et al.

### D.    **Adequacy**

Finally, Rule 23(a)(4) requires the representative parties to "fairly and adequately protect the interests of the class."  *Id.*  "In making this determination, courts must consider two questions: '(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?'"  *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1031 (9th Cir. 2012) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998)).  Additionally, "the honesty and credibility of a class representative is a relevant consideration when performing the adequacy inquiry because an untrustworthy plaintiff could reduce the likelihood of prevailing on the class claims."  *Harris v. Vector Mktg. Corp.*, 753 F. Supp. 2d 996, 1015 (N.D. Cal. 2010) (citation omitted).

As to the first prong, the Court perceives no obvious conflicts between Plaintiffs and their counsel on the one hand and the absent Settlement Class Members on the other.  As to the second prong, as discussed above, Plaintiffs and their counsel have vigorously prosecuted this action, Plaintiffs' counsel have substantial experience litigating consumer class actions, and there is no reason to believe that Plaintiffs and their counsel would not vigorously pursue this action on behalf of the Settlement Class. The adequacy requirement is satisfied.

The requirements imposed by Rule 23(a) are thus satisfied.  The Court next considers whether the additional requirements of Rule 23(b)(3) are met.

### E.    **Predominance**

"The Rule 23(b)(3) predominance inquiry asks the court to make a global determination of whether common questions prevail over individualized ones."  *Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1134 (9th Cir. 2016).  That is, "an individual question is one where members of a proposed class will need to present evidence that varies from member to member, while a common question is one where the same

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  ED CV 18-1716 MWF (SPx)              Date:  October 29, 2019
          CV 19-3618-MWF (Ex)
Title:    Alicia Rodriguez v. Marshalls of CA, LLC et al.
          Joan Catheryn Paulino v. Marshalls of CA, LLC et al.

evidence will suffice for each member to make a prima facie showing or the issue is susceptible to generalized, class-wide proof." *Id.* (quoting *Tyson Foods v. Bouaphakeo*, 136 S. Ct. 1036, 1045 (2016)).

Here, the Agreement provides a set amount of money to be placed in a settlement fund and distributed on a pro rata basis to class members who worked for Marshalls within the designated Class Period.  (Agreement ¶ 3.7).  Some individualized assessment is required due to the determination of how many weeks a specific class member worked within the designated period and the disbursement of settlement funds based on that number of weeks worked.  But the existence of individualized damage assessments does not detract from the action's suitability for class certification.  *See Yokoyama v. Midland Nat. Life Ins. Co.*, 594 F.3d 1087, 1089 (9th Cir. 2010) (noting that the "amount of damages is invariably an individual question and does not defeat class action treatment").  Accordingly, the predominance requirement is also satisfied.

## F.  Superiority

Rule 23(b)(3)'s superiority requirement is also met.  Rule 23(b)(3) sets out four factors that together indicate that a class action is "superior to other available methods for the fair and efficient adjudication of the controversy":

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3).  "The purpose of the superiority requirement is to assure that the class action is the most efficient and effective means of resolving the controversy." *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  ED CV 18-1716 MWF (SPx)              Date:  October 29, 2019
          CV 19-3618-MWF (Ex)
Title:    Alicia Rodriguez v. Marshalls of CA, LLC et al.
          Joan Catheryn Paulino v. Marshalls of CA, LLC et al.

_____

(quoting Charles Wright, Arthur Miller & Mary Kay Kane, *Federal Practice and Procedure*, § 1779 at 174 (3d ed. 2005)).

When deciding whether to certify a settlement class, the fourth superiority factor need not be considered.  *See Amchem*, 521 U.S. at 620 ("Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems . . . .").  The three relevant factors favor certifying the proposed settlement class:

*First*, individual Settlement Class Members would likely have little interest in prosecuting separate actions.  Each putative class member's claim is likely too small to justify the cost or risk of litigation.  Thus, a class action is a more efficient means for each individual class member to pursue his or her claims.  *See Wolin*, 617 F.3d at 1175 ("Where recovery on an individual basis would be dwarfed by the cost of litigating on an individual basis, this factor weighs in favor of class certification.").  Moreover, because the claims of all putative class members are virtually identical, there is no reason that any given class member should need to pursue his or her claims individually.  *See Westways World Travel, Inc. v. AMR Corp.*, 218 F.R.D. 223, 240 (C.D. Cal. 2003) ("Here, no one member of the Class has an interest in controlling the prosecution of the action because the claims of all members of the Class are virtually identical.").

*Second*, there does not appear to be any other litigation currently or previously pending concerning similar claims to those at issue in this action.

*Third*, Plaintiffs, as residents of California who worked for Marshalls in this state, have alleged that Marshalls' employment policies and procedures violate California law.  Therefore, this District court is a proper forum for resolution of the action.  *Negrete v. Allianz Life Ins. Co. of N. Am.*, 238 F.R.D. 482, 495 (C.D. Cal. 2006) ("[B]ecause plaintiffs have alleged an overarching fraudulent scheme and include a California sub-class, it is desirable to consolidate the claims in this forum.").

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  ED CV 18-1716 MWF (SPx)          Date:  October 29, 2019
          CV 19-3618-MWF (Ex)
Title:    Alicia Rodriguez v. Marshalls of CA, LLC et al.
          Joan Catheryn Paulino v. Marshalls of CA, LLC et al.

Accordingly, the Motion is **GRANTED** insofar as the proposed class is
**CERTIFIED** for purposes of settlement.

## IV.    NOTICE AND SETTLEMENT ADMINISTRATION

After the Court certifies a class under Rule 23(b)(3), it must direct to class
members the best notice practicable under the circumstances.  Fed. R. Civ. P.
23(c)(2)(B).

> The notice must clearly and concisely state in plain, easily understood
> language: (i) the nature of the action; (ii) the definition of the class
> certified; (iii) the class claims, issues, or defenses; (iv) that a class
> member may enter an appearance though an attorney if the member so
> desires; (v) that the court will exclude from the class any member who
> requests exclusion; (vi) the time and manner for requesting exclusion; and
> (vii) the binding effect of a class judgment on members under Rule
> 23(c)(3).

*Id.*  Class notice must be "reasonably calculated, under all the circumstances, to apprise
interested parties of the pendency of the action and afford them an opportunity to
present their objections."  *Mullane v. Central Hanover Trust*, 339 U.S. 306, 314
(1950).

The Agreement sets forth a highly detailed notice and opt-out regime involving,
in short, the Settlement Administrator acquiring the mailing addresses and other
identifying information for class members from Defendant and then disseminating a
Notice of Settlement.  (Agreement ¶¶ 3.8.5-3.8.7).  The Notice of Settlement shall state
that Class Members and PAGA Affected Employees may exclude themselves from the
relevant portion of the Settlement by submitting a written Request for Exclusion to the
Settlement Administrator by the response deadline.  (*Id.* ¶¶ 3.8.9.1, 3.8.9.2).  The Court
has reviewed the contemplated notice regime and the form and substance of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  ED CV 18-1716 MWF (SPx)                Date:  October 29, 2019
          CV 19-3618-MWF (Ex)
Title:    Alicia Rodriguez v. Marshalls of CA, LLC et al.
          Joan Catheryn Paulino v. Marshalls of CA, LLC et al.

proposed notices, and concludes that the proposed class notice satisfies the requirements set forth in Rule 23(c)(2)(B).

Accordingly, the proposed notices and plan of dissemination are **APPROVED**.

## V.    **CONCLUSION**

For the reasons discussed above, the Motion is **GRANTED** insofar as the proposed settlement agreement is preliminarily **APPROVED**; the class is provisionally **CERTIFIED** for purposes of settlement only; and the notices and plan of dissemination are **APPROVED**.

The Proposed Order Granting Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement (Paulino Docket No. 40-3) is adopted and incorporated into this Order, as Exhibit A.

The Final Approval Hearing shall be scheduled for **May 4, 2020 at 10 a.m.**

IT IS SO ORDERED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| Case No. | **ED CV 18-1716 MWF (SPx)** | **Date:** | **October 29, 2019** |
|---|---|---|---|
| | **CV 19-3618-MWF (Ex)** | | |
| Title: | Alicia Rodriguez v. Marshalls of CA, LLC et al. | | |
| | Joan Catheryn Paulino v. Marshalls of CA, LLC et al. | | |

# EXHIBIT A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES—GENERAL</u>

Case No.  **ED CV 18-1716 MWF (SPx)**              **Date:  October 29, 2019**
          **CV 19-3618-MWF (Ex)**
Title:     Alicia Rodriguez v. Marshalls of CA, LLC et al.
           Joan Catheryn Paulino v. Marshalls of CA, LLC et al.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALICIA RODRIGUEZ, an individual, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MARSHALLS OF CA, LLC; and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No. 5:18-cv-01716 MWF (SPx)<br>Case No. 2:19-cv-03618 MWF (Ex)<br><br><br>**[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AND NOTICE PROCEDURES** |
| JOAN CATHERYN PAULINO, an individual, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MARSHALLS OF CA, LLC; and DOES 1 through 10, inclusive,<br><br>Defendant. | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES—GENERAL</u>

Case No.  **ED CV 18-1716 MWF (SPx)**                    **Date:  October 29, 2019**
                **CV 19-3618-MWF (Ex)**
Title:      Alicia Rodriguez v. Marshalls of CA, LLC et al.
            Joan Catheryn Paulino v. Marshalls of CA, LLC et al.

The matter of the Court's Preliminary Approval of Class Action Settlement and Notice Procedures in the above referenced matters came on regularly for hearing on October 21, 2019, at the United States District Court for the Central District of California, 350 West First Street, Courtroom 5A, Los Angeles, California 90012, before the Honorable Michael W. Fitzgerald, Presiding.

Plaintiffs Alicia Rodriguez and Joan Catheryn Paulino (collectively, "Plaintiffs") were represented by their counsel, Haffner Law PC.  Defendant Marshalls of CA, LLC ("Defendant") was represented by its counsel, Littler Mendelson, P.C.

Plaintiffs and Defendant have agreed, subject to Court approval following notice to the Class Members and PAGA Affected Employees and a hearing, to settle the Actions upon the terms and conditions set forth in the Settlement Agreement, which is attached as Exhibit 1 to the Declaration of Joshua H. Haffner in support of Plaintiffs' motion for preliminary approval.

Based upon the Court's review of the Settlement Agreement, the moving papers submitted in support of preliminary approval, and all of the files, records, and proceedings herein, and in recognition of the Court's duty to make a preliminary determination as to the reasonableness of this proposed class action settlement and to ensure proper notice to all Class Members and PAGA Affected Employees in accordance with due process requirements, the Court preliminarily finds that the Settlement appears to be fair, reasonable, and adequate, such that a hearing should be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  ED CV 18-1716 MWF (SPx)              Date:  October 29, 2019
          CV 19-3618-MWF (Ex)
Title:    Alicia Rodriguez v. Marshalls of CA, LLC et al.
          Joan Catheryn Paulino v. Marshalls of CA, LLC et al.

held after notice to the Class Members and PAGA Affected Employees to make a final determination whether the settlement is fair, reasonable, and adequate, and a Final Approval Order and Judgment should be entered in this Action based upon the Settlement Agreement.

THEREFORE, IT IS HEREBY ORDERED:

1.      This Order incorporates by reference the definitions in the Settlement Agreement and all terms defined therein shall have the same meaning in this Order as set forth in the Settlement Agreement.

2.      It appears to the Court on a preliminary basis that the Settlement is fair, reasonable, and adequate.  It appears to the Court that extensive and costly investigation, informal discovery and research have been conducted such that Class Counsel and Defense Counsel at this time are able to reasonably evaluate their respective positions. It further appears to the Court that Settlement, at this time, will avoid substantial additional costs by all Parties, as well as avoid the delay and risks that would be presented by the further prosecution of the Actions.  It further appears that the Settlement has been reached as a result of intensive, serious, and non-collusive, arms-length negotiations.  Accordingly, the Court preliminarily finds that the Settlement Agreement was entered into in good faith and the Court hereby GRANTS preliminary approval of the Settlement.

3.      The Court preliminarily finds that the Settlement Agreement appears to be within the range of reasonableness of a settlement that could ultimately be given final

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  ED CV 18-1716 MWF (SPx)             Date:  October 29, 2019
          CV 19-3618-MWF (Ex)
Title:    Alicia Rodriguez v. Marshalls of CA, LLC et al.
          Joan Catheryn Paulino v. Marshalls of CA, LLC et al.

approval by this Court.  Indeed, the Court has reviewed the monetary recovery that is being granted as part of the Settlement and preliminarily finds that the monetary settlement awards made available to all Class Members and PAGA Affected Employees are fair, reasonable, and adequate when balanced against the probable outcome of further litigation relating to liability and damages issues.

4.     For the purposes of this Settlement only, the Court hereby provisionally certifies the Class for settlement purposes only.  The Class shall be comprised of all current and former non-exempt store employees who worked for Defendant in the State of California from August 11, 2016 through the date of this Order and who opted out of Defendant's arbitration agreement.  Class Members shall have the opportunity to request exclusion from the Class.  Should for whatever reason the Settlement not become final, the fact that the Parties were willing to stipulate to certification of the Class as part of the Settlement shall have no bearing on, nor be admissible in connection with, the issue of whether a class should be certified in a non-settlement context in these Actions or in any other lawsuit.

5.     For the purposes of this Settlement only, named Plaintiffs Alicia Rodriguez and Joan Catheryn Paulino are hereby preliminarily appointed and designated, for all purposes, as the representatives for the Class, and the law firms of Haffner Law PC, LegalClear, and Larian Law Firm are hereby preliminarily appointed and designated as Class Counsel.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| Case No. | ED CV 18-1716 MWF (SPx) | Date: October 29, 2019 |
|---|---|---|
| | CV 19-3618-MWF (Ex) | |
| Title: | Alicia Rodriguez v. Marshalls of CA, LLC et al. | |
| | Joan Catheryn Paulino v. Marshalls of CA, LLC et al. | |

6.    Class Counsel are authorized to act on behalf of Class Members with respect to all acts or consents required by, or which may be given pursuant to, the Settlement, and such other acts reasonably necessary to consummate the Settlement. Any Class Member may enter an appearance through counsel of such individual's own choosing and at such individual's own expense. Any Class Member who does not enter an appearance or appear on his or her own will be represented by Class Counsel.

7.    The Court consolidates the Actions pursuant to Federal Rule of Civil Procedure 42(a)(2) for the limited purpose of the class action settlement approval process. In the event the Court declines to grant Final Approval of the Settlement or the Effective Date does not otherwise occur, the Court will enter an order providing that the Actions will no longer be consolidated.

8.    For the purposes of this Settlement only, the Court hereby preliminarily approves the definition and disposition of the Maximum Settlement Amount and related matters provided for in the Settlement Agreement. In accordance with the Settlement Agreement, the Court hereby preliminarily approves the Maximum Settlement Amount of One Million, One Hundred Twenty-Five Thousand Dollars ($1,125,000).

9.    For the purposes of this Settlement only, the Court hereby preliminarily approves the Service Awards in the amount of Five Thousand Dollars ($5,000) to each Plaintiff. The Court will not decide the final amount of the Service Awards until the Final Approval Hearing. Plaintiffs have provided evidence regarding the nature of their

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES—GENERAL</u>

| | |
|---|---|
| **Case No.** **ED CV 18-1716 MWF (SPx)** | **Date:  October 29, 2019** |
| **CV 19-3618-MWF (Ex)** | |
| Title:  Alicia Rodriguez v. Marshalls of CA, LLC et al. | |
| Joan Catheryn Paulino v. Marshalls of CA, LLC et al. | |

participation in the Actions and the risks faced in prosecuting these Actions that supports the request for the Service Awards.

10.    For purposes of this Settlement only, the Court hereby preliminarily approves a payment of a Class Counsel Fees Award not to exceed Two Hundred Eighty-One Thousand and Two Hundred Fifty Dollars ($281,250), and a payment of a Class Counsel Costs Award not to exceed Fifteen Thousand Dollars ($15,000).  The amounts paid for the Class Counsel Fees Award and Class Counsel Costs Award shall be for all claims for Class Counsel's attorneys' fees and litigation costs past, present, and future incurred in investigation, litigation, and resolution of the Actions and neither Class Counsel, nor any other counsel, shall be permitted to petition the Court, or to accept any payments, for fees and costs relating to the investigation, litigation, and/or resolution of the Actions other than the Class Counsel Fees Award and Class Counsel Costs Award. The Court will not finally approve the Class Counsel Fees Award and Class Counsel Costs Award until the Final Approval Hearing.

11.    For purposes of this Settlement only, the Court hereby preliminarily approves the Class Member Payments as fair, reasonable, and adequate.  The Settlement Agreement provides that the Class Member Payments, which are estimated to total Fifty-Six Thousand and Two Hundred Dollars ($56,250), shall equal Fifty Dollars ($50) to each Participating Class Member.  The Court will not finally approve the Class Member Payments until the Final Approval Hearing.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  ED CV 18-1716 MWF (SPx)                    Date:  October 29, 2019
          CV 19-3618-MWF (Ex)
Title:    Alicia Rodriguez v. Marshalls of CA, LLC et al.
          Joan Catheryn Paulino v. Marshalls of CA, LLC et al.

12.    For purposes of this Settlement only, the Court hereby preliminarily approves the PAGA Distribution Amount as fair, reasonable, and adequate.  The Settlement Agreement provides that the PAGA Distribution Amount, which is estimated to total Six Hundred Ninety-Seven Thousand and Five Hundred Dollars ($697,500), shall be allocated: seventy-five percent (75%) as a PAGA Wage Payment to Participating PAGA Affected Employees (*i.e.*, all current and former non-exempt store employees who worked for Defendant in the State of California from December 27, 2017 through the date of this Order, who do not submit a timely Request for Exclusion of the PAGA Wage Payment portion of the Settlement) to resolve their claims for unpaid wages under California Labor Code section 558(3); and twenty-five percent (25%) as a PAGA Non-Wage Payment to resolve all claims for civil penalties under the PAGA for any violation of the California Labor Code alleged in the Actions.  The PAGA Non-Wage Payment shall be allocated seventy-five percent (75%) to the California Labor and Workforce Development Agency and twenty-five percent (25%) to PAGA Affected Employees.  The Court will not finally approve the PAGA Distribution Amount until the Final Approval Hearing.

13.    The Court finds that the form and content of the proposed Notice of Settlement – attached to the Settlement Agreement as Exhibit A – is reasonable and fairly and adequately advises Class Members and PAGA Affected Employees of the terms of the proposed Settlement, of their right to receive their shares of the Maximum Settlement Amount, of the scope and effect of the releases contained in the Settlement,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  ED CV 18-1716 MWF (SPx)              Date:  October 29, 2019
          CV 19-3618-MWF (Ex)
Title:    Alicia Rodriguez v. Marshalls of CA, LLC et al.
          Joan Catheryn Paulino v. Marshalls of CA, LLC et al.

of their rights and obligations relating to the relief provided through the Settlement, of the preliminary Court approval of the proposed Settlement, exclusion and objection timing and procedures, of the date of the Final Approval Hearing, and of the right to file documentation in support of or in opposition to the Settlement and to appear in connection with the Final Approval Hearing.  Thus, the Court finds that the Notice of Settlement clearly comports with all constitutional requirements, including those of due process.  The Court further finds that the mailing of the Notice of Settlement to the last known address of Class Members and PAGA Affected Employees as specifically described within the Settlement Agreement, with measures taken for verification of addresses, as set forth therein, constitutes an effective method of notifying Class Members and PAGA Affected Employees of their rights with respect to the Actions and this Settlement.

14.    The Court hereby appoints ILYM Group, Inc., as the Settlement Administrator to administer the Settlement as more specifically set forth in the Settlement Agreement, and further preliminarily approves Settlement Administration Costs in an amount not to exceed Sixty-Five Thousand Dollars ($65,000.00).  The Court will not finally approve Settlement Administration Costs until the Final Approval Hearing.

15.    Assuming this Settlement is finally approved and that the Effective Date occurs, each Participating Class Member will fully, forever, irrevocably, and unconditionally release and discharge all Released Class Claims, as defined in the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  ED CV 18-1716 MWF (SPx)              Date:  October 29, 2019
          CV 19-3618-MWF (Ex)
Title:    Alicia Rodriguez v. Marshalls of CA, LLC et al.
          Joan Catheryn Paulino v. Marshalls of CA, LLC et al.

Settlement Agreement, that were or could have been alleged against the Released Parties based on the facts alleged in the Complaint in the *Rodriguez* Action and/or the original or First Amended Complaint in the *Paulino* Action.  The Released Class Claims include any and all claims for relief, whether known or unknown, whether suspected or unsuspected, which Participating Class Members have had, now have, or may discover in the future against the Released Parties or any of them for any or all Released Class Claims that were or could have been alleged in the Complaint in the *Rodriguez* Action and/or the original or First Amended Complaint in the *Paulino* Action based on the allegations, facts, matters, transactions or occurrences alleged therein.  Participating Class Members will release such Released Class Claims for the time period from August 11, 2016 through the Response Deadline.

16.    Assuming this Settlement is finally approved and that the Effective Date occurs, each Participating PAGA Affected Employee will fully, forever, irrevocably, and unconditionally release and discharge all Released PAGA Wage Claims, as defined in the Settlement Agreement, that were or could have been alleged against the Released Parties based on the facts alleged in the original or First Amended Complaint in the *Paulino* Action.  The Released PAGA Wage Claims include any and all claims for relief, whether known or unknown, whether suspected or unsuspected, which Participating PAGA Affected Employees have had, now have, or may discover in the future against the Released Parties or any of them for any or all Released PAGA Wage Claims that were or could have been alleged in the original or First Amended Complaint in the

_____
                    CIVIL MINUTES—GENERAL                            32

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES—GENERAL</u>

| | | |
|---|---|---|
| **Case No.** | **ED CV 18-1716 MWF (SPx)** | **Date:  October 29, 2019** |
| | **CV 19-3618-MWF (Ex)** | |
| Title: | Alicia Rodriguez v. Marshalls of CA, LLC et al. | |
| | Joan Catheryn Paulino v. Marshalls of CA, LLC et al. | |

*Paulino* Action based on the allegations, facts, matters, transactions or occurrences alleged therein.  Participating PAGA Affected Employees will release such Released PAGA Wage Claims for the time period from December 27, 2017 through the Final Approval Date.

17.    Assuming this Settlement is finally approved and that the Effective Date occurs, Plaintiff Paulino, on behalf of herself, the State of California, and all PAGA Affected Employees, will fully, forever, irrevocably, and unconditionally release and discharge all Released PAGA Non-Wage Claims, as defined in the Settlement Agreement, that were or could have been alleged against the Released Parties based on the facts alleged in the original or First Amended Complaint in the *Paulino* Action.  The Released PAGA Non-Wage Claims include any and all claims for relief, whether known or unknown, whether suspected or unsuspected, which PAGA Affected Employees have had, now have, or may discover in the future against the Released Parties or any of them for any or all Released PAGA Non-Wage Claims that were or could have been alleged in the original or First Amended Complaint in the *Paulino* Action based on the allegations, facts, matters, transactions or occurrences alleged therein.  Plaintiff Paulino, on behalf of herself, the State of California, and all PAGA Affected Employees, will release such Released PAGA Non-Wage Claims for the time period from December 27, 2017 through the Final Approval Date.

18.    No later than sixty (60) calendar days after the date of this Preliminary Approval Order, Defendant shall provide the Settlement Administrator with the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  ED CV 18-1716 MWF (SPx)                    Date:  October 29, 2019
          CV 19-3618-MWF (Ex)
Title:    Alicia Rodriguez v. Marshalls of CA, LLC et al.
          Joan Catheryn Paulino v. Marshalls of CA, LLC et al.

Employee List, which shall include, for each Class Member and PAGA Affected
Employee: full name, last known address, last known telephone number, social security
number, date of birth, whether the employee is a Class Member, and whether the
employee is a PAGA Affected Employee.

19.    No later than twenty-one (21) calendar days after receipt of the Employee
List from Defendant, the Settlement Administrator shall mail the Notice of Settlement
to all Class Members and PAGA Affected Employees by First Class U.S. Mail pursuant
to the terms of the Settlement Agreement.

20.    No later than the Response Deadline, any Class Member requesting
exclusion from the Class Member Payment portion of the Settlement and any PAGA
Affected Employee requesting exclusion from the PAGA Wage Payment portion of the
Settlement must submit his/her Request for Exclusion by mail to the Settlement
Administrator.  Class Members who fail to submit a timely and valid Request for
Exclusion from the Class Member Payment portion of the Settlement on or before the
Response Deadline shall be Participating Class Members bound by all terms of the
Settlement and any Final Approval Order entered in this Action, and PAGA Affected
Employees who fail to submit a timely and valid Request for Exclusion from the PAGA
Wage Payment portion of the Settlement on or before the Response Deadline shall be
Participating PAGA Affected Employees bound by all terms of the Settlement and any
Final Approval Order entered in this Action.  To be valid, the Request for Exclusion

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  **ED CV 18-1716 MWF (SPx)**          **Date:  October 29, 2019**
          **CV 19-3618-MWF (Ex)**
Title:    Alicia Rodriguez v. Marshalls of CA, LLC et al.
          Joan Catheryn Paulino v. Marshalls of CA, LLC et al.

must be completed and received by the Settlement Administrator with a postmark date of on or before the Response Deadline.

21.    PAGA Affected Employees shall not be permitted to exclude themselves from the PAGA Non-Wage Payment portion of the Settlement.

22.    No later than the Response Deadline, any Class Member or PAGA Affected Employee wishing to object or comment upon the Settlement must submit his/her objection by mailing it to the Court as instructed in the Notice of Settlement.  To be valid, the Notice of Objection: (a) must contain the full name, address and last four digits of the social security number of the Class Member or PAGA Affected Employee; and (b) must be signed by the Class Member or PAGA Affected Employee.  The Notice of Objection should also state the basis for the objection and whether he/she intends to appear at the Final Approval Hearing.  Class Members and PAGA Affected Employees who fail to submit a timely and valid Notice of Objection shall be deemed to have waived any objections and shall be foreclosed from making any objections to the Settlement.

23.    To the extent permitted by law, pending final determination as to whether the Settlement should be finally approved, Class Members whether directly, representatively, or in any other capacity, whether or not such persons have appeared in the Actions, shall not institute or prosecute any of the Released Class Claims against the Released Parties.

24.    This Settlement is not a concession or admission and shall not be used against Defendant or any of the Released Parties as an admission or indication with

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  ED CV 18-1716 MWF (SPx)              Date:  October 29, 2019
CV 19-3618-MWF (Ex)
Title:    Alicia Rodriguez v. Marshalls of CA, LLC et al.
          Joan Catheryn Paulino v. Marshalls of CA, LLC et al.

respect to any claim of any fault or omission by Defendant or any of the Released Parties. Whether or not the Settlement is finally approved, neither the Settlement, nor any document, statement, proceeding or conduct related to the Settlement, nor any reports or accounts thereof, shall in any event be: (a) construed as, offered or admitted in evidence as, received as or deemed to be evidence for any purpose adverse to the Released Parties, including, but not limited to, evidence of a presumption, concession, indication or admission by Defendant or any of the Released Parties of any liability, fault, wrongdoing, omission, concession or damage; or (b) disclosed, referred to, or offered or received in evidence against any of the Released Parties in any further proceeding in the Actions, or in any other civil, criminal or administrative action or proceeding, except for purposes of enforcing the Settlement.  The Court's findings are for purposes of conditionally certifying a Class in the context of this Settlement and will not have any claim or issue or evidentiary preclusion or estoppel effect in any other action against the Released Parties or in the Actions if the Settlement is not finally approved.  If for any reason the Court does not execute and file an order granting Final Approval of the Settlement, or if the Effective Date, as defined in the Settlement Agreement, does not occur for any reason whatsoever, the Settlement Agreement and all evidence and proceedings had in connection therewith shall be without prejudice to the status quo ante rights of the Parties to the Actions, as more specifically set forth in the Settlement Agreement, and this Preliminary Approval Order shall be rendered null and void and shall be vacated.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES—GENERAL</u>

Case No.  **ED CV 18-1716 MWF (SPx)**          **Date:  October 29, 2019**
          **CV 19-3618-MWF (Ex)**
Title:    Alicia Rodriguez v. Marshalls of CA, LLC et al.
          Joan Catheryn Paulino v. Marshalls of CA, LLC et al.

        25.    A Final Approval Hearing shall be held on May 4, 2020, at 10:00 a.m. in
Courtroom 5A, of the United States District Court for the Central District of California,
located at 350 West First Street, Los Angeles, California  90012, to determine whether
the proposed Settlement of the Actions is fair, reasonable, and adequate and should be
finally approved.  The Parties' briefs and other papers in support of Final Approval of
the proposed Settlement, and Class Counsel's application for an award of attorney's fees
and litigation costs, shall be filed with the Court no later than twenty-eight (28) calendar
days prior to the Final Approval Hearing.  The Final Approval Hearing described in this
paragraph may be postponed, adjourned, transferred or continued by order of the Court
without further notice to Class Members and PAGA Affected Employees.  After the
Final Approval Hearing, the Court may enter a Final Approval Order in accordance with
the Settlement that will adjudicate the rights of all Class Members and PAGA Affected
Employees.

        26.    As of the date this Order is signed, all dates and deadlines associated with
the Actions shall be stayed, other than those pertaining to the administration of the
Settlement of the Actions.

        27.    In the event that the proposed Settlement is not finally approved by the
Court, or for any reason the Effective Date does not occur, then the Settlement and all
orders entered in connection therewith shall be null and void and of no effect, and shall

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  **ED CV 18-1716 MWF (SPx)**          Date:  **October 29, 2019**
          **CV 19-3618-MWF (Ex)**
Title:    Alicia Rodriguez v. Marshalls of CA, LLC et al.
          Joan Catheryn Paulino v. Marshalls of CA, LLC et al.

not be used or referred to for any purposes whatsoever.  In such event, the Settlement shall be withdrawn without prejudice as to the rights of any and all Parties thereto.


**IT IS SO ORDERED.**