1  Joshua H. Haffner, SBN 188652
   (jhh@haffnerlawyers.com)
2  Graham G. Lambert, SBN 303056
   (gl@haffnerlawyers.com)
3  HAFFNER LAW PC
   445 South Figueroa St., Suite 2625
4  Los Angeles, California 90071
   Telephone: (213) 514-5681
5  Facsimile: (213) 514-5682

6  Attorneys for Plaintiffs,
   JOAN CATHERYN PAULINO, and
7  ALICIA RODRIGUEZ

8                **UNITED STATES DISTRICT COURT**

9                **CENTRAL DISTRICT OF CALIFORNIA**

10

11

12 | ALICIA RODRIGUEZ, an individual, on behalf of herself and all others similarly situated, | Case No. 2:18-cv-01716 MWF (SP) Consolidated with Case No. 2:19-cv-03618 MWF (Ex)

13

14                Plaintiff,          **PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

15         v.

16 MARSHALLS OF CA, LLC; and DOES 1 through 10, inclusive,

17                Defendant.          Hearing Date:   May 4, 2020
                                      Hearing Time:   10:00 a.m.
                                      Courtroom:      5A

18                                    Complaint Filed: November 16, 2018
                                      Removal Date:    January 14, 2019
19                                    Trial Date:      None
                                      District Judge:  Hon. Michael W.
20                                                     Fitzgerald

21

22 | JOAN CATHERYN PAULINO, an individual, on behalf of herself and all others similarly situated,

23                                    Case No. 2:19-cv-03618 MWF (Ex)

24                Plaintiff,

25         v.

26 MARSHALLS OF CA, LLC; and DOES 1 through 10, inclusive,

27                Defendant.

28
                                    i

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

**TO THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS
OF RECORD:**

**PLEASE TAKE NOTICE** on May 4, 2020 at 10:00 a.m., in Department 5A
of this Court, located at 350 West 1st Street, Los Angeles, CA 90012, Plaintiffs
Joan Catheryn Paulino and Alicia Rodriguez ("Plaintiffs"), individually and on
behalf of all others similarly situated, will, and hereby do, move the Court for final
approval of the Joint Stipulation re Class Action Settlement and Release between
Plaintiffs and Defendant Marshalls of CA, LLC ("Defendant").

**PLEASE TAKE FURTHER NOTICE THAT**, on May 4, 2020 at 10:00
a.m., or as soon thereafter as the matter may be heard in the above-entitled Court
duly appointed Class Counsel, Joshua H. Haffner and Graham G. Lambert of
Haffner Law PC ("Haffner") will and hereby do move for an order awarding
attorneys' fees in the amount of $281,250.00, litigation costs in the amount of
$10,681.67 and for permission to pay Plaintiffs Joan Paulino and Alicia Rodriguez
the negotiated Service Awards.

## RELIEF SOUGHT

For the reasons set forth in the accompanying Memorandum of Points and
Authorities and pursuant to Federal Rule of Civil Procedure 23, Plaintiffs
respectfully move that the Court:

1.    Approve the Settlement Agreement reached in this case as fair,
reasonable, adequate, and in the best interests of the Class, finding that no objections
to the Settlement have been made and that the requirements of due process have been
met;

2.    Find that all of the elements of Rule 23(a) and Rule 23(b)(3) of the
Federal Rules of Civil Procedure are satisfied, and that this action is properly
certified as a class action for settlement purposes on behalf of the following persons
(the "Class"): all current and former non-exempt store employees who worked for
Defendant in the State of California during the Class Period (*i.e.*, August 11, 2016

ii

through and including October 29, 2019) and who opted out of Defendant's arbitration agreement.

3.    Order that the representative plaintiffs, Joan Paulino and Alicia Rodriguez, are certified as the two representatives of the Class and that Class Counsel are appointed as sole counsel to the Class;

4.    Find that Class Counsel and Plaintiffs have fairly and adequately represented the Class and PAGA Affected Employees with respect to the litigation and the Settlement;

5.    Find that the notice and settlement administration program established and implemented pursuant to the Settlement Agreement satisfied Rules 23(e) of the Federal Rules of Civil Procedure and the requirements of due process;

6.    Find that the notice of proposed settlement submitted by Defendant to the Attorney General of the United States and the appropriate State officials fully and adequately complied with the notice requirements set forth in the Class Action Fairness Act of 2005, 28 U.S.C. § 1715;

7.    Find that the notice of proposed settlement submitted by Defendant to the Labor and Workforce Development Agency fully and adequately complied with the notice requirements of the PAGA, California Labor Code § 2699(*l*)(2); and

8.    Enter a final judgment and order dismissing these Actions and awarding attorneys' fees, costs, and incentive fee awards to Class Counsel and the Plaintiffs, respectively, in accordance with the terms of the Settlement Agreement.

///

///

///

///

///

///

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

This Motion is based on this Notice of Motion and Motion; the Memorandum of Points and Authorities below; the declarations of Joshua H. Haffner and Stephanie Molina filed concurrently herewith; all supporting exhibits filed concurrently herewith; all other pleadings and papers filed in this action; and any argument or evidence that may be presented at or prior to the hearing in this matter.

DATED:  April 6, 2020                    HAFFNER LAW PC


                                         By:  */s/Graham G. Lambert*
                                              Joshua H. Haffner
                                              Graham G. Lambert
                                              Attorney for Plaintiffs

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

# **TABLE OF CONTENTS**

I.      INTRODUCTION ................................................................ 1

II.     FACTUAL BACKGROUND .............................................. 2

        A.    Litigation History ............................................. 2

        B.    Investigation and Discovery .............................. 3

III.    TERMS OF THE SETTLEMENT ..................................... 4

        A.    The Settlement Class ........................................ 4

        B.    Cost, Administration, and Attorneys' Fees ................ 5

        C.    Preliminary Approval And Notice ...................... 6

        D.    Objections to the Settlement Agreement, Requests for
              Exclusion, and Plaintiffs' due diligence ........................ 6

IV.     LEGAL STANDARD ......................................................... 7

        A.    This Case Is Appropriate For Class Action Treatment ................ 7

        B.    Final Approval Is Appropriate Because the Proposed
              Settlement Is "Fair, Adequate, and Reasonable" .......................... 7

              1.    The Settlement Is the Result of Arm's-Length
                    Negotiations ......................................... 9

              2.    The Settlement Provides the Class with Real
                    Relief ................................................. 10

              3.    The Settlement Serves the Intended Purpose of
                    the PAGA ........................................... 11

        C.    Continued Litigation Posed Substantial Risk in
              Establishing Liability and Damages ................................ 12

        D.    Class Counsel Performed Sufficient Research and
              Analysis to Adequately Assess the Settlement and Was
              Able to Identify the Strengths and Weaknesses of the
              Case ................................................... 13

v

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT

1

2

E.    The Recommendations of Experienced Class Counsel Heavily Favor Approval of the Settlement ................................... 14

3

4

F.    The Reaction of the Class Supports Approval of the Settlement ...................................................................................... 15

5

V.    CONCLUSION ...................................................................... 16

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

# TABLE OF AUTHORITIES

**Cases**

*Amchem Products, Inc. v. Windsor*,
  521 U.S. 591 (1997) ........................................................................................7

*Arias v. Superior Court*,
  46 Cal. 4th 969 (2009)………………………………………………….11

*Bruce v. Del Monte Foods, Inc.*,
  2018 U.S. Dist. LEXIS 53800 (N.D. Cal. Mar. 29, 2018)…………………11

*Class Plaintiffs v. City of Seattle*,
  955 F.2d 1268 (9th Cir. 1992) ........................................................................9

*Ellis v. Naval Air Rework Facility*
  661 F.2d 939 (9th Cir. 1981) ..........................................................................8

*Ellis v. Naval Air Rework Facility*,
  87 F.R.D. 15 (N.D. Cal. 1980) ...............................................................8, 15

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998) ...................................................................7, 15

*In re Holocaust Victim Assets Litigation*,
  105 F. Supp. 2d 139 (E.D.N.Y. 2000) ............................................................9

*In re Lorazepam*,
  205 F.R.D. 369 (D.D.C. 2002) ................................................................9, 14

*In re Pacific Enter. Sec. Litig.*,
  47 F.3d 373 (9th Cir. 1995) .............................................................................8

*In re Painewebber Ltd. Partnerships Litig.*,
  117 F.3d 721 (2d Cir. 1997) .........................................................................15

*In re Prudential Ins. Co. Sales Practices Litig.*,
  148 F.3d 283 (3rd Cir. 1988) .......................................................................12

*In re Warner Communications Sec. Litig.*,

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT

618 F. Supp. 735 (S.D.N.Y. 1985)..................................................................13

*In re Warner Communications Sec. Litig.,*

798 F.2d 35 (2d Cir. 1986).............................................................................13

*Joel A. v. Giuliani,*

218 F.3d 132 (2d Cir. 2000)..............................................................................7

*Linney v. Cellular Alaska Partnership,*

151 F.3d 1234 (9th Cir. 1998)...........................................................................8

*Luevano v. Campbell,*

93 F.R.D. 68 (D.D.C. 1981)............................................................................14

*M. Berenson Co. v. Faneuil Hall Marketplace,*

671 F. Supp. 819 (D. Mass. 1987) ..................................................................15

*Marshall v. Holiday Magic, Inc.,*

550 F.2d 1173 (9th Cir. 1977)..........................................................8, 11, 15

*MWS Wire Indus., Inc. v. California Fine Wire Co.,*

797 F.2d 799 (9th Cir. 1986)............................................................................8

*Newman v. Stein,*

464 F.2d 689 (2d Cir. 1972)...........................................................................10

*Officers for Justice v. Civil Serv. Comm'n,*

688 F.2d 615 (9th Cir. 1982)....................................................................8, 9, 10

*Paul, Johnson, Alston & Hunt v. Graulty,*

886 F.2d 268, 272 (9th Cir. 1989)....................................................................5

*Sala v. National R.R. Passenger Corp.,*

721 F. Supp. 80 (E.D. Pa. 1989) ....................................................................15

*Salazar v. Sysco Cent. Cal., Inc.,*

2017 U.S. Dist. LEXIS 14971, (E.D. Cal. 2017)…………………………....11

*Six Mexican Workers v. Arizona Citrus Growers,*

904 F.2d 1301 (9th Cir. 1990)..........................................................................5

*Torrisi v. Tucson Elec. Power Co.,*

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT

8 F.3d 1370 (9th Cir. 1993) .................................................................................8

*Van Bronkhorst v. Safeco Corp.*,

529 F.2d 943 (9th Cir. 1976) .............................................................................7

*Vizcaino v. Microsoft Corp.*,

290 F.3d 1043 (9th Cir. 2002) ..........................................................................5

*Williams v. First Nat'l Bank*,

216 U.S. 582 (1910) ..........................................................................................7

**Rules**

Fed. R. Civ. Proc. 23(b) .....................................................................................7

Fed. R. Civ. Proc. 23(e) ..................................................................................7, 8

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

By this motion, Plaintiffs Joan Catheryn Paulino and Alicia Rodriguez ("Plaintiffs"), seek final approval of the settlement of a class action and Private Attorney General Act ("PAGA") representative action for wage and hour violations brought on behalf of the Class and PAGA Affected Employees.

Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, Plaintiffs respectfully submit this memorandum in support of their motion for final approval of a negotiated class and PAGA settlement.

The terms of the settlement are set forth in the Joint Stipulation re Class Action Settlement and Release (the "Settlement Agreement") attached to the Declaration of Joshua H. Haffner in Support of the Motion for Preliminary Approval.  Paulino Dkt. No. 40-2.  The motions for preliminary approval were granted and the settlement preliminarily approved on October 29, 2019.  Paulino Dkt. No. 47.

As required under the Settlement Agreement, the Settlement Administrator, ILYM Group, Inc., provided notice of the Settlement to Class Members and PAGA Affected Employees, and processed the notice in accordance with this Court's order granting preliminary approval of the Settlement Agreement.  Class Counsel also responded to all Class Member/PAGA Affected Employee inquiries.  ***There were no objectors, and total opt-outs amounted to approximately 0.1% of the total persons who received notice***.

For the reasons set forth herein, and in the accompanying declarations, Plaintiffs and Class Counsel respectfully request that the Court grant final approval of the Settlement Agreement, grant Class Counsel's request for attorneys' fees and costs, grant the request for Plaintiffs' Service Awards and order the Settlement Administrator to distribute payments pursuant to the terms of the Settlement Agreement.

## II.    FACTUAL BACKGROUND

### A.    Litigation History

On August 16, 2018, Plaintiff Rodriguez filed her action against Defendant in the United States District Court for the Central District of California alleging a class action on behalf of all California residents who formerly or currently worked for Defendant as non-exempt employees.  Rodriguez Dkt. No. 1.  The Rodriguez complaint alleged that Defendant violated California law by failing to provide rest breaks, failing to pay minimum and overtime wages, failing to furnish timely and accurate wage statements, violating California's Unfair Competition Act ("UCL"), and gender discrimination, arising out of Defendant's policies and practices regarding store closing and bag check procedures.  *Id*.

The Paulino case was filed on November 16, 2018, in the Superior Court of California, County of San Diego on behalf of Plaintiff Paulino and California residents who formerly or currently worked for Defendant as non-exempt employees responsible for supervising store closings.  Haffner Decl. at ¶ 3. Plaintiff Paulino alleged that in requiring employees to clock-out before closing down the store, Defendant violated California law.  *Id*. On January 14, 2018, Defendant removed the action to the United States District Court for the Southern District of California.  Paulino Dkt. No. 1.

On January 30, 2019, Defendant filed a motion to strike Plaintiff Paulino's class allegations. Paulino Dkt. No. 8.  In response to said motion, Plaintiff Paulino filed her First Amended Complaint on March 15, 2019 alleging causes of action on behalf of herself and similarly situated employees for failure to provide meal and rest breaks, failing to pay minimum and overtime wages, failing to furnish timely and accurate wage statements, and violating California's Unfair Competition Act ("UCL").  Paulino Dkt. No. 18.  In addition, Plaintiff Paulino seeks recovery of civil penalties pursuant to the Private Attorneys General Act, Labor Code section 2698, *et seq.*, on behalf of herself, the State of California, and similarly situated

2

employees.  *Id.*  On April 29, 2019, the Parties filed a joint motion to transfer the Paulino action to the Central District, where the earlier filed Rodriguez action was pending.  Paulino Dkt No. 21.  The Hon. Cathy Ann Bencivengo ordered the transfer that same day.  Paulino Dkt No. 22-1.

On June 12, 2019, the Parties participated in an all-day private mediation session with Tripper Ortman, an experienced mediator with over 17 years of litigation experience, including extensive work in wage and hour class actions. Declaration of Joshua H. Haffner in support of Motion for Preliminary Approval ("Haffner Decl."), ¶ 8; *see* http://www.ortmanmediation.com/mediator-tripper-ortman/.   On or about July 17, 2019, following further negotiation and discussion, the Parties came to an agreement to resolve the matter.  *Id.*

On September 5, 2019, the Court consolidated the *Rodriguez* and *Paulino* actions for the settlement approval process.  Paulino Dkt. No. 38.  On October 29, 2019, the Court granted preliminary approval of the settlement agreement for both the *Rodriguez* and *Paulino* actions. Paulino Dkt No. 47.

### B.    Investigation and Discovery

Plaintiffs and Defendant have conducted formal and informal discovery.  In both matters, Defendant responded to Plaintiffs' special interrogatories and formally produced hundreds of pages of documents in response to Plaintiffs' Requests for Production of Documents. Haffner Decl. at ¶ 7. Defendant also informally produced information in advance of the mediation, including the class size, the rate of pay and how it is calculated, and other pertinent information.  *Id*.

The parties also engaged in arms-length mediation with Tripper Ortman, an experienced mediator with over 17 years of litigation experience, including extensive work in wage and hour class actions.  This investigation, mediation, and prosecution of this case has included, among other things, (a) multiple meetings and conferences with Plaintiffs; (b) formal and informal discovery; (c) analysis of the legal positions taken by Defendant; (d) investigation into the viability of class

3

and PAGA representative treatment of the Claims asserted in this Actions; (e) preparation of pleadings; (f) analysis of potential class-wide damages and PAGA civil penalties; (g) research of the applicable law with respect to the Claims asserted in the Actions and the potential defenses thereto; (h) amending the Paulino complaint in light of Defendant's motion to strike; and (i) assembling data for calculating damages. Haffner Decl., ¶12.

In connection with investigating and pursuing both matters, Plaintiffs' counsel conducted extensive research and investigation, including consulting and retaining loss prevention experts.  Haffner Decl. at ¶ 7.

The parties have engaged in sufficient investigation, informal discovery, and discussions to assess the relative merits of the claims of Plaintiffs and Marshalls' defenses to them.  Haffner Decl., ¶¶7-8, 11-12.  Plaintiff has also been in constant communications with Defendant and the Claims Administrator since the prior hearing to ensure that the settlement and settlement procedures are fair, reasonable and adequate.

### C.    The Parties Provided Required Governmental Notices

On September 20, 2019, Defendant submitted a copy of the proposed Settlement Agreement, along with Plaintiffs' preliminary approval papers, to the California Labor and Workforce Development Agency in compliance with Labor Code § 2699(*l*)(2).  *See* Paulino Dkt. No. 44-1, ¶ 3, Ex. B.

On September 30, 2019, Defendant timely served its Notice of Proposed Settlement of Class Actions Pursuant to the Class Action Fairness Act (Paulino Dkt. No. 42) on the Attorney General of the United States and the Attorneys General for each state where a Class Member resides.  *See* Paulino Dkt. No. 44-1, ¶ 5.

### III.    TERMS OF THE SETTLEMENT

### A.    The Settlement Class

The Court ordered this matter preliminarily certified as a class action for

4

settlement purposes pursuant to the terms of the Settlement Agreement on October 29, 2019.  Paulino Dkt. No. 47. The Class is defined as: "all current and former non-exempt store employees who worked for Defendant in the State of California during the Class Period and who opted out of Defendant's arbitration agreement," and PAGA Affected Employees is defined as "all current and former non-exempt store employees who worked for Defendant in the State of California from December 27, 2017 through and including the Preliminary Approval Date." Paulino Dkt. No. 40-2, Settlement Agreement ¶¶ 1.3 and 1.23.

Class Members had the option to opt out of the Class Member Payment portion of the Settlement, and PAGA Affected Employees had the option to opt out of the PAGA Wage Payment Portion of the Settlement, by mailing an exclusion request in written form, including full name, address, telephone number, and last four digits of Social Security number, postmarked and returned to the Settlement Administrator by no later than 60 calendar days from the date the Class Notice was mailed. ILYM Group mailed Notice to the Class and PAGA Affected Employees on January 21, 2020.   Declaration of Stephanie Molina ("Molina Decl."), ¶ 7.

## B.     Cost, Administration, and Attorneys' Fees

Pursuant to of the Settlement Agreement, Class Counsel applies for an award of attorneys' fees in an amount not to exceed 25% of the Maximum Settlement Amount.  Defendant has agreed that it will not oppose such a request. The compensation sought for Class Counsel is not excessive, as their request for 25% of the settlement fund is equal to the Ninth Circuit's standard "benchmark" of 25% as fair and reasonable for a common fund attorneys' fee award. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002); *Six Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990); *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989). Here, counsel engaged in significant investigation and nearly two years of litigation, including filing complaints in both cases, removal of the *Paulino* Action, amending in light

5

Defendant's motion to strike class allegations in the *Paulino* action, discovery, mediation, and meetings. The reasonable fee of 25% fairly compensates Class Counsel for the time and work put in to the case.

### C.    Preliminary Approval And Notice

On October 29, 2019, this Court granted preliminary approval of the Settlement Agreement.  Paulino Dkt. 47. The October 29, 2019 Order directed that claims administrator ILYM Group, Inc. ("ILYM") be appointed to prepare and send the Class Notice of the propose Settlement to the Class and Subclass.  ILYM printed and disseminated the approved Class Notices to the Class of on January 21, 2020. Molina Decl., ¶ 7. Of the 21,579 notices mailed, 1,373 were returned as undeliverable without a forwarding address. *Id*. at ¶ 8. ILYM performed a skip trace and addresses were obtained and notice re-mailed to 740 individuals  *Id*. at ¶¶ 8, 9. As of the date of Ms. Molina's declaration, 633 notices remain undeliverable. *Id*. at ¶ 10.

Pursuant to the terms of the Settlement Agreement, Class Members and PAGA Affected Employees who wished to request exclusion from the Class Member Payment and PAGA Wage Payment portions of the Settlement, respectively, were to mail the request in written form and postmarked no later than 60 calendar days from the date the Class Notice was mailed. The last day to request exclusion was March 21, 2020.

### D.    Objections to the Settlement Agreement, Requests for Exclusion, and Plaintiffs' due diligence

No objections to the settlement have been filed, none of the 1,125 Class Members submitted a Request for Exclusion, and only 21[1] of the 21,353 PAGA Affected Employees, or less than .01% of the PAGA Affected Employees, have submitted Requests for Exclusion from the PAGA Wage Payment  component of the

---

[1] Two PAGA Affected Employees submitted untimely requests for exclusion form the settlement and the parties are waiting to hear back from Defendant as to whether these two untimely opt-out requests will be accepted.

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT

1    settlement.  Molina Decl., ¶¶ 11-13.  Further, Plaintiffs' counsel fielded numerous

2    calls and worked with individual Class Members and PAGA Affected Employees to

3    assist with the process and answer questions.  Haffner Decl. at ¶10.

4    **IV.    LEGAL STANDARD**

5        Federal Rule of Civil Procedure 23(e) requires court approval of any

6    settlement that effects the dismissal of a class action.  Settlement agreements

7    reached before class certification must be reviewed as to both the requirements for

8    class certification and the fairness of the settlement. *Amchem Products, Inc. v.*

9    *Windsor*, 521 U.S. 591, 621-22 (1997).  First, the district court must determine

10   whether a certifiable class exists. *Id*.  Then, "the district court [must] determine

11   that a class action settlement is fair, adequate, and reasonable."  *Hanlon v. Chrysler*

12   *Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998); *see also Joel A. v. Giuliani*, 218 F.3d

13   132, 138 (2d Cir. 2000).

14       **A.    This Case Is Appropriate For Class Action Treatment**

15       Certification of a class is appropriate here.  The usual standards for Rule

16   23(a) and (b) certification apply in the settlement context.  A class action is to be

17   certified where, as here, the class plaintiff satisfies the four prerequisites of Rule

18   23(a) (numerosity, commonality, typicality and adequacy), as well as one of the

19   three subsections of Rule 23(b).  Here, in connection with the Settlement

20   Agreement the parties agreed for the purposes of this settlement that all class issues

21   have been met. Paulino Dkt. 40-2.

22       **B.    Final Approval Is Appropriate Because the Proposed Settlement
            Is "Fair, Adequate, and Reasonable"**

23   The "overriding public interest in settling and quieting litigation" is

24   "particularly true in class action suits."  *Van Bronkhorst v. Safeco Corp.*, 529 F.2d

25   943, 950 (9th Cir. 1976) (footnote omitted).  Without question, "[c]ompromises of

26   disputed claims are favored by the courts."  *Williams v. First Nat'l Bank*, 216 U.S.

27   582, 595 (1910); *see also MWS Wire Indus., Inc. v. California Fine Wire Co.*, 797

28

7

F.2d 799, 802 (9th Cir. 1986); *Officers for Justice*, 688 F.2d 615, 625 (9th Cir. 1982) ("Voluntary conciliation and settlement are the preferred means of dispute resolution"). Class actions are particularly amenable to settlement because of the uncertainty of the outcome, the difficulty of proof and the typical duration of such litigation. *Van Bronkhorst*, 529 F.2d at 443.

Under Federal Rule of Civil Procedure 23(e), a court should approve the settlement of a class action if it is "fair, adequate and reasonable." *In re Pacific Enter. Sec. Litig.*, 47 F.3d 373, 377 (9th Cir. 1995); *see also Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d at 625; *Marshall v. Holiday Magic, Inc.*, 550 F.2d 1173, 1178 (9th Cir. 1977).

The authority to approve a class settlement is committed to the sound discretion of the trial court. *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993); *Ellis v. Naval Air Rework Facility*, 87 F.R.D. 15, 18 (N.D. Cal. 1980), *aff'd without op.*, 661 F.2d 939 (9th Cir. 1981). The Ninth Circuit has prescribed a non-exhaustive list of relevant factors that a trial court may consider in evaluating the fairness of a class action settlement, which includes the following:

> [T]he strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Linney v. Cellular Alaska Partnership*, 151 F.3d 1234, 1242 (9th Cir. 1998) (quoting *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993)).

While the district court exercises discretion in approving a settlement, the court's evaluation of a proposed class settlement "must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of

8

fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Officers for Justice*, 688 F.2d at 625.  In *Officers for Justice*, the Ninth Circuit further explained:

> [T]he settlement or fairness hearing is not to be turned into a trial or rehearsal for trial on the merits. Neither the trial court nor this court is to reach any ultimate conclusions on the contested issues of fact and law which underlie the merits of the dispute, for it is the very uncertainty of outcome in litigation and avoidance of wasteful and expensive litigation that induce consensual settlements. The proposed settlement is not to be judged against a hypothetical or speculative measure of what might have been achieved by the negotiators.

*Id*.; (citations omitted).

An examination of all of the relevant factors shows that this settlement is fair, adequate and reasonable.

### 1. The Settlement Is the Result of Arm's-Length Negotiations

A proposed settlement is presumed to be fair and reasonable when it is the result of arm's-length negotiations.  *See* Newberg, § 11.41; *see also Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992); *In re Lorazepam*, 205 F.R.D. 369, 375-76 (D.D.C. 2002) ("A 'presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations'") (internal citations omitted); *In re Holocaust Victim Assets Litigation*, 105 F. Supp. 2d 139,145-46 (E.D.N.Y. 2000) (stating that in determining fairness, the "consideration focuses on the negotiating process by which the settlement was reached").

Here, the parties engaged in arms-length mediation with Tripper Ortman on June 12, 2019.  The  investigation, mediation, and prosecution has included, among other things, (a) multiple meetings and conferences with Plaintiffs; (b) formal and informal discovery; (c) analysis of the legal positions taken by Defendant; (d)

9

investigation into the viability of class treatment of the Claims asserted in this Actions; (e) analysis of potential class-wide damages and PAGA civil penalties; (f) research of the applicable law with respect to the Claims asserted in the Actions and the potential defenses thereto; and (g) assembling data for calculating damages. The parties have engaged in sufficient investigation, informal discovery, and discussions to assess the relative merits of Plaintiffs' claims and Defendant's defenses to them.

Thus, the parties have engaged in the exchange of information, and documentation, including data which allowed the parties to seriously evaluate the claims alleged in these actions.  After numerous negotiations, including the mediation with Tripper Ortman, the parties reached an agreement and subsequently jointly drafted and executed the Settlement Agreement.

## 2.    The Settlement Provides the Class with Real Relief

While no settlement is perfect, the proposed settlement in this action provides the Class and PAGA Affected Employees with real relief.  Further, the reasonableness of the proposed settlement cannot be determined by the application of a mathematical formula.  Rather, "in any case there is a range of reasonableness with respect to a settlement." *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972). In fact, "[i]t is well-settled law that a cash settlement amounting to only a fraction of the potential recovery will not per se render the settlement inadequate or unfair." *Officers for Justice*, 688 F.2d 615; *Detroit v. Grinnell Corp.*, 495 F.2d 448, 455 n.2 (2d Cir. 1974). Here, each Participating Class Member will receive a $50.00 payment, Participating PAGA Affected Employees will receive an equal pro rata share of the PAGA Wage Payment portion of the Settlement (equal to 75% of the PAGA Distribution Amount), and all PAGA Affected Employees will receive an equal pro rata share of the PAGA non-Wage Payment portion of the Settlement (equal to 25% of the PAGA Distribution Amount, less the LWDA's 75% share of that amount).

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Thus far, there are no objectors to this settlement. Further, none of the 1,125 Class Members opted out of the Class Member Payment portion of the Settlement, and only 21 of the 21,353 PAGA Affected Employees (0.1%) have submitted timely Requests for Exclusion from the PAGA Wage Payment portion of the Settlement. Molina Decl., ¶¶ 6-7, 11-12. This is an indicator of the fairness and reasonableness of the settlement. *See Marshall v. Holiday Magic, Inc.*, 550 F.2d 1173, 1178 (9th Cir. 1977) ("the small number of class members indicating their disapproval of the settlement, here only one percent, also indicates its acceptability"). Under all of the circumstances present here, the settlement represents a fair recovery for Plaintiffs, Class Members, and PAGA Affected Employees.

**3.     The Settlement Serves the Intended Purpose of the PAGA**

A district court "must 'review and approve' any settlement of PAGA claims." *Salazar v. Sysco Cent. Cal., Inc.*, 2017 U.S. Dist. LEXIS 14971, *5 (E.D. Cal. 2017) (quoting Cal. Labor Code § 2699(*l*)(2)). However, the analysis used to approve PAGA settlements is somewhat different than for class action settlements because "PAGA claims are intended to serve a decidedly different purpose—namely to protect the public rather than for the benefit of private parties." *See id.* (citing *Arias v. Superior Court*, 46 Cal. 4th 969, 986 (2009)); *see also Bruce v. Del Monte Foods, Inc.*, 2018 U.S. Dist. LEXIS 53800, *3 (N.D. Cal. Mar. 29, 2018) (explaining that "[s]ettlement of a PAGA claim does not necessarily follow the procedures governing class action settlements under Federal Rule of Civil Procedure 23"). The LWDA has taken the position that "when a PAGA claim is settled, the relief provided for under the PAGA [must] be genuine and meaningful, consistent with the underlying purpose of the statute to benefit the public and, in the context of a class action, the court [should] evaluate whether the settlement meets the standards of being 'fundamentally fair, reasonable, and adequate' with reference to the public policies underlying the PAGA." *Salazar*, 2017 U.S. Dist. LEXIS 14971, at *5-8.

11

Here, the Settlement Agreement provides that Participating PAGA Affected Employees will collectively receive a PAGA Wage Payment equal to 75% of the PAGA Distribution Amount.  The PAGA Distribution Amount is estimated to be $697,500, meaning that the PAGA Wage Payments are estimated to be a combined $523,125, or approximately $29.06 per Participating PAGA Affected Employee.  Further, the Settlement Provides that all PAGA Affected Employees will collectively receive a PAGA Non-Wage Payment equal to 25% of the remaining 25% of the PAGA Distribution Amount, estimated to be $43,593.75, or approximately $2.42 per PAGA Affected Employee.  The PAGA portions of the Settlement thus provide genuine and meaningful relief, particularly in light of the fact that Defendant implemented facially compliant bag check and closing time policies in April 2017, prior to the December 27, 2017 start of the PAGA statute of limitations.  Accordingly, the Court should approve the PAGA components of the Settlement Agreement as they provide "genuine and meaningful" relief "consistent with the underlying purpose of the [PAGA] to benefit the public," and the Settlement is fundamentally fair, reasonable, and adequate.  *Id.*

### C.  Continued Litigation Posed Substantial Risk in Establishing Liability and Damages

An important factor in evaluating the fairness of the settlement is the risk involved in pursuing the litigation.  In negotiating the Settlement, Plaintiffs were aware of the difficulties and risks associated with proving liability and damages.  Therefore, in assessing the settlement, the Court should balance the benefits afforded to the Class and PAGA Affected Employees, including the immediacy and certainty of a recovery, against the continuing risks of litigation.  *See In re Prudential Ins. Co. Sales Practices Litig.*, 148 F.3d 283, 317 (3rd Cir. 1988) (noting that "settlement provide[s] class members the opportunity to file claims immediately after court approval of the settlement, rather than waiting through what no doubt would be protracted litigation").

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Plaintiffs and Class Counsel believe that the Claims and contentions asserted in the Action have merit.  However, Plaintiffs and Class Counsel recognize and acknowledge the expense and delay of continued lengthy proceedings necessary to prosecute the Actions against Defendant through trial and appeals, which could take years to complete.  Class Counsel has taken into account the uncertain outcome and the risk of any litigation, the risk of continued litigation in complex actions such as this, as well as the difficulties and delays inherent in such litigation, and the potential difficulty of maintaining the Action as a class action and/or PAGA representative action.  Class Counsel is mindful of the inherent problems of proof under, and possible defenses to, the Claims alleged in the Action.

Moreover, before these actions could even proceed to trial, the Class still would face significant legal hurdles.  These would likely include contested briefing over the issue of certification of the proposed class.  While Class Counsel believes that it would prevail on all of these issues, they do represent significant obstacles that must be taken into account in the evaluation of the reasonableness of the Settlement. With these issues in mind, both Class Counsel and Defense Counsel believe that the settlement is fair, reasonable, and adequate and is in the best interest of the Class Members and PAGA Affected Employees in light of all known facts and circumstances, including the risk of significant delay and Defendant's asserted defenses.

### D. Class Counsel Performed Sufficient Research and Analysis to Adequately Assess the Settlement and Was Able to Identify the Strengths and Weaknesses of the Case

"[T]he stage of the proceedings and the amount of discovery completed" is a factor that Courts consider in determining the fairness, adequacy, and reasonableness of a settlement.  *In re Warner Communications Sec. Litig.*, 618 F. Supp. 735, 741 (S.D.N.Y. 1985), *aff'd*, 798 F.2d 35 (2d Cir. 1986) (citations omitted).

This Settlement follows substantial factual investigation and expert and legal

13

analysis of the claims and defenses of the parties, as well as motion practice, and was reached only after Class Counsel had conducted extensive inquiry.  Haffner Decl., ¶¶ 7-12.  Such due diligence includes a significant investigation into the facts and the law, including conducting formal and informal discovery, reviewing extensive information, interviewing and reviewing records and documents of Plaintiff and engaging in extensive settlement discussions.  *Ibid.*  Class Counsel had more than adequate information to make an informed judgment concerning the reasonableness of the Settlement Agreement.

Based upon the foregoing, Class Counsel has concluded that a settlement according to the terms and conditions set forth in the agreement would be fair, adequate and reasonable, and in the best interests of the Class.  *See In re Lorazepam, supra*, 205 F.R.D. at 377 (citing *Luevano v. Campbell*, 93 F.R.D. 68, 86 (D.D.C. 1981) ("In evaluating the fairness and adequacy of a settlement, it is important to consider whether the settlement was reached after extensive factual development, so that counsel on both sides would have had information sufficient to make a reasonable assessment of their risks of litigation")).

### E.   The Recommendations of Experienced Class Counsel Heavily Favor Approval of the Settlement

Class Counsel and counsel for Defendant -- experienced class action attorneys -- entered into the Settlement Agreement after extensive, arduous, arm's length negotiations assisted by a well-known private mediator, following substantial factual investigation and legal analysis of the claims and defenses of the parties.  Haffner Decl., ¶¶ 7-12.  Class Counsel believes the settlement is fair, adequate, and reasonable.  Haffner Decl., ¶13.

"The recommendations of plaintiffs' counsel should be given a presumption of reasonableness."  *Boyd v. Bechtel Corporation*, 485 F. Supp. 610, 622 (N.D. Cal. 1979).  The presumption of reasonableness is fully supported in this action because the settlement is the product of substantial arm's-length negotiations

14

conducted by capable counsel who are well experienced in class action litigation. *See M. Berenson Co. v. Faneuil Hall Marketplace*, 671 F. Supp. 819, 822 (D. Mass. 1987); *Ellis*, 87 F.R.D. at 18 ("the fact that experienced counsel involved in the case approved the settlement after hard-fought negotiations is entitled to considerable weight").

These Actions have been litigated by experienced and competent counsel on both sides of the case. The settlement negotiations were protracted and thorough. Class Counsel are well-known for their experience and success in class actions. That qualified and well-informed counsel operating at arm's-length, endorse the settlement as being fair, adequate, and reasonable and adequate militates strongly in favor of this Court's approval of the settlement.

### F.    The Reaction of the Class Supports Approval of the Settlement

It is well settled that "the reaction of the class to the settlement is perhaps the most significant factor to be weighed in considering its adequacy." *Sala v. National R.R. Passenger Corp.*, 721 F. Supp. 80, 83 (E.D. Pa. 1989). In fact, the lack of objections does provide some evidence of the fairness of the settlement. *In re Painewebber Ltd. Partnerships Litig.*, 171 F.R.D. 104, 126 (S.D.N.Y.), *aff'd*, 117 F.3d 721 (2d Cir. 1997).

Here, thus far, there has not been one single objection to the settlement, and only 21 PAGA Affected Employees timely elected to opt out of the PAGA Wage Payment portion of the Settlement. Molina Decl., ¶¶ 11-12. This constitutes compelling evidence that this settlement is fair, adequate, and reasonable. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998); *Marshall v. Holiday Magic, Inc.*, 550 F.2d 1173, 1178 (9th Cir. 1977) ("[T]he small number of class members indicating their disapproval of the settlement, here only one percent, also indicates its acceptability.")

### V.    CONCLUSION

Based upon the foregoing, this settlement merits final approval. Plaintiffs

15

respectfully request that this Court enter an Order finally approving the class and PAGA settlement embodied in the Settlement Agreement and grant such other and further relief as this Court deems just and proper.

DATED:  April 6, 2020                          HAFFNER LAW PC


By:   /s/ Graham G. Lambert_____
Joshua H. Haffner
Graham G. Lambert
*Attorneys for Plaintiffs and*
*all others similarly situated*

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT