JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| ALICIA RODRIGUEZ, an individual, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MARSHALLS OF CA, LLC; and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No. 2:18-cv-01716 MWF (SP) |
| JOAN CATHERYN PAULINO, an individual, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MARSHALLS OF CA, LLC; and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No. 2:19-cv-03618 MWF (Ex)<br><br>Consolidated with Case No. 2:18-cv-0716 MWF (SP)<br><br>**JUDGMENT APPROVING CLASS ACTION SETTLEMENT AND ORDER AWARDING ATTORNEYS' FEES, COSTS, AND CLASS REPRESENTATIVE INCENTIVE AWARD** |

1   The above-entitled matter came before the Honorable Michael W. Fitzgerald,

2   United States District Judge, presiding in Courtroom 5A of the above entitled

3   Court, pursuant to two motions:

4   The First is Plaintiffs Joan Catheryn Paulino and Alicia Rodriguez's Motion

5   for Final Approval of Class Action Settlement ("Settlement Motion"), filed on

6   April 6, 2020.  (Docket No. 27).  On April 14, 2020, Defendant Marshalls of CA,

7   LLC filed a Notice of Non-Opposition.  (Docket No. 29).

8   The second is Class Counsel Joshua H. Haffner and Graham G. Lambert of

9   Haffner Law PC's Motion for an Award of Attorneys' Fees and Costs and

10   Awarding Class Representative Service Award ("Fee Motion"), filed on April 6,

11   2020. (Docket No. 28).

12   The Court entered an order on July 31, 2020, granting both motions in part

13   and ordering Class Counsel to file a revised chart outlining how the $1.125 million

14   settlement will be distributed among Class Member Payments, Estimated PAGA

15   Wage Payments, and Estimated PAGA Non-Wage Payments in light of the reduced

16   attorneys' fees award (the "Prior Order").  (Docket No. 34).  The Court also ordered

17   Class Counsel to file proof of litigation expenses and costs totaling $10,681.67.

18   (*Id.*).

19   The Court received Class Counsel's supplemental declaration in support of

20   the Motion for Attorney Fees and Costs.  (Docket No. 35).  The Court finds that the

21   Parties have complied with the Prior Order, that the settlement agreement modified

22   by the supplemental declaration is fair, adequate, and reasonable, and that

23   $10,681.67 in litigation costs is reasonable.

24   The proposed settlement agreement (the "Settlement Agreement" or

25   "Agreement") is attached to the Declaration of Joshua H. Haffner ("Renick Decl.")

26   as Exhibit 1.  (*Paulino v. Marshalls of CA, LLC et al*, CV 19-03618-MWF-(Ex)

27   (Docket No. 40-2)).  The Court, for purposes of this Judgment Granting Final

28

Approval of Class Action Settlement and Request for Fees and Costs (the "Final Judgment"), adopts the terms and definitions set forth in the Agreement.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that judgment on the merits be entered as follows:

1.     The Settlement and the Settlement Agreement are hereby approved as fair, reasonable, adequate, and in the best interests of the Class Members and PAGA Affected Employees, and the requirements of due process and Federal Rule of Civil Procedure 23 have been satisfied.  The Parties are ordered and directed to effectuate the Settlement according to its terms.

2.     Having found that each of the elements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) are satisfied, for purposes of settlement only, the Class is permanently certified pursuant to Federal Rule of Civil Procedure 23, on behalf of all current and former non-exempt store employees who worked for Defendant Marshalls of CA, LLC in the State of California during the Class Period (*i.e.*, August 11, 2016, through and including the Preliminary Approval Date of October 29, 2019) and who opted out of Defendant's arbitration agreement.

3.     Notwithstanding the certification of the foregoing Class and appointment of Plaintiffs as the Class representative for purposes of effecting the Settlement, if the Effective Date, as defined in the Settlement Agreement, does not occur for any reason, the foregoing certification of the Class and appointment of Plaintiffs as the Class representative shall be void and of no further effect, and the Parties to the proposed Settlement shall be returned to the status each occupied before entry of this Order without prejudice to any legal argument that any of the parties to the Settlement Agreement might have asserted but for the Settlement Agreement.

4.      The Court hereby orders the Settlement Administrator to distribute the Class Member Payments to Participating Class Members in accordance with the provisions of the Settlement Agreement and revised chart contained in the Supplemental Declaration of Graham G. Lambert ("Lambert Declaration" (Docket No. 35)).

5.      For purposes of this Final Judgment, and for this Settlement only, the Court hereby certifies the Claims asserted on behalf of Class Members, as defined in the Settlement Agreement.

6.      For purposes of this Final Judgment, and this Settlement only, the Court hereby confirms the appointment of Plaintiffs Alicia Rodriguez and Joan Catheryn Paulino as the class representative for the Class Members. Further, the Court finally approves the Service Awards, as fair and reasonable, to Plaintiffs in the amount of Five Thousand Dollars ($5,000) each. The Court hereby orders the Settlement Administrator to distribute the Service Awards to Plaintiffs in accordance with the provisions of the Settlement.

7.      For purposes of this Final Approval Order and this Settlement only, the Court hereby confirms the appointment of Joshua H. Haffner and Graham G. Lambert of Haffner Law PC, Jimmy Hanaie of Legal Clear, and Alexander Larian of Larian Law Firm as Class Counsel for the Class Members. Further, the Court finally approves a payment of Class Counsels Fees Award, as fair and reasonable, in the amount of One Hundred Forty-Four Thousand, Eight Hundred Seventy-Seven Dollars and Fifty Cents ($144,877.50). And the Court finally approves a payment of Class Counsel Costs Award, as fair and reasonable, in the amount of Ten Thousand, Six Hundred Eighty-One Dollars and Sixty-Seven Cents ($10,681.67). Class Counsel's receipt of the Class Counsel Fees Award and Class Counsel Costs Award payments shall fully satisfy all fees and litigation costs incurred by

Class Counsel that represented Plaintiffs, Class Members, and PAGA Affected Employees in the Actions. No other attorneys or law firms shall be entitled to any award of attorneys' fees or costs from Defendant in any way connected with the Actions. The Court hereby orders the Settlement Administrator to distribute the Class Counsel Fees Award and Class Counsel Costs Award payments to Class Counsel in accordance with the provisions of the Settlement.

8.    For purposes of this Final Judgment, and this Settlement only, the Court hereby confirms the appointment of ILYM Group, Inc. as the Settlement Administrator to administer the Settlement as more specifically set forth in the Settlement Agreement as modified by the Lambert Declaration, and further finally approves Settlement Administration Costs, as fair and reasonable, of Sixty-Five Thousand Dollars ($65,000).

9.    For purposes of this Final Judgment and this Settlement only, the Court hereby approves the PAGA Distribution Amount in the amount of Eight Hundred Thirty-Eight Thousand, One Hundred Ninety Dollars and Eighty-Three Cents ($838,190.83) as fair and reasonable. Pursuant to the terms of the Settlement, seventy-five percent (75%) of the PAGA Distribution Amount ($628,643.12) shall be allocated to resolve claims for unpaid wages under California Labor Code section 558(3), and will be paid to the 21,330 Participating PAGA Affected Employees, in the amount of approximately Twenty-Nine Dollars and Forty-Seven Cents ($29.47) per person, subject to withholdings. The remaining 25% of the PAGA Distribution Amount ($209,547.71) will be paid to resolve claims for civil penalties under PAGA for any Labor Code violations alleged in the Actions. Of that amount, seventy-five percent (75%) ($157,160.78) will be paid to the California Labor & Workforce Development Agency ("LWDA") and the remaining twenty-five percent (25%) ($52,386.93) will be paid to the 21,330

Participating PAGA Affected Employees, or approximately Two Dollars and Forty-Six Cents ($2.46) per person.  The Court hereby orders the Settlement Administrator to distribute the PAGA Wage Payments to Participating PAGA Affected Employees in accordance with the provisions of the Settlement Agreement as modified by the Lambert Declaration, and to distribute the PAGA Non-Wage Payments to the LWDA and PAGA Affected Employees in accordance with the provisions of the Settlement Agreement as modified by the Lambert Declaration.

10.     The Court hereby finds that the Parties' notice of the proposed Settlement submitted to the Attorney General of the United States and the appropriate State official(s) fully and adequately complied with the notice requirements set forth in the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

11.     The Court hereby finds that the Parties' notice of the proposed Settlement submitted to the LWDA fully and adequately complied with the notice requirements of PAGA, California Labor Code § 2699(l).

12.     As of the Effective Date, Participating Class Members shall be deemed to have released the Released Parties from all Released Class Claims, as defined in the Settlement Agreement.  All Participating Class Members, as of the Effective Date, are hereby forever barred and enjoined from prosecuting the Released Class Claims against the Released Parties.

13.     As of the Effective Date, Participating PAGA Affected Employees shall be deemed to have released the Released Parties from all Released PAGA Wage Claims, as defined in the Settlement Agreement.  All Participating PAGA Affected Employees, as of the Effective Date, are hereby forever barred and enjoined from prosecuting the Released PAGA Wage Claims against the Released Parties.

14.     As of the Effective Date, the State of California and PAGA Affected Employees shall be deemed to have released the Released Parties from all Released PAGA Non-Wage Claims, as defined in the Settlement Agreement. The State of California and all PAGA Aggrieved Employees, as of the Effective Date, are hereby forever barred and enjoined from prosecuting the Released PAGA Non-Wage Claims against the Released Parties.

15.     Neither this Final Judgment, the Settlement Agreement, nor any document referred to herein, nor any action taken to carry out the Settlement Agreement is, may be construed as, or may be used as an admission by or against Defendant or any of the other Released Parties of any fault, wrongdoing, or liability whatsoever.  Nor is this Final Judgment a finding of the validity of any Claims in the Actions or of any wrongdoing by Defendant or any of the other Released Parties.  The entering into or carrying out of the Settlement Agreement, and any negotiations or proceedings related thereto, shall not in any event be construed as, or deemed to be evidence of, an admission or concession with regard to the denials or defenses by Defendant or any of the other Released Parties and shall not be offered in evidence against Defendant or any of the Released Parties in any action or proceeding in any court, administrative agency or other tribunal for any purpose whatsoever other than to enforce the provisions of this Final Judgment, the Settlement Agreement, or any related agreement or release.  Notwithstanding these restrictions, any of the Released Parties may file in the Actions or in any other proceeding this Final Judgment, the Settlement Agreement, or any other papers and records on file in the Actions as evidence of the Settlement and to support a defense of res judicata, collateral estoppel, release, waiver, or other theory of claim preclusion, issue preclusion or similar defense.

16.     In the event that the Settlement does not become final and effective in accordance with the terms of the Settlement Agreement, resulting in the

-7-

return and/or retention of the Settlement funds to Defendant consistent with the terms of the Settlement, then this Final Judgment and all orders entered in connection herewith, including any order of conditional certification, appointing a class representative or Class Counsel, shall be rendered null and void and be vacated.

17.     Without in any way affecting the finality of this Final Judgement, this Court hereby retains continuing jurisdiction as to all matters relating to:  (a) the interpretation, implementation, and enforcement of the terms of the Settlement; (b) Settlement administration matters; and (c) such post-Judgment matters as may be appropriate under Court rules or as set forth in the Settlement.

18.     After Settlement administration has been completed in accordance with the Settlement Agreement, and in no event later than 180 days after the Effective Date, Defendant shall file a report with this Court certifying compliance with the terms of the Settlement.

19.     The Court hereby enters judgment of both Actions, with prejudice, for the reasons set forth above, and upon the terms set forth in the Settlement Agreement.

20.     The Actions and the Claims alleged therein are hereby ordered dismissed with prejudice.

21.     Class Counsel is awarded fees in the amount of One Hundred Forty-Four Thousand, Eight Hundred Seventy-Seven Dollars and Fifty Cents ($144,877.50).

22.     Class Counsel is awarded costs in the amount of Ten Thousand, Six Hundred One Dollars and Sixty-Seven Cents ($10,681.67).

23.     Class Representatives, Joan Catheryn Paulino and Alicia Rodriguez, are each awarded Five Thousand Dollars ($5,000.00) as a service award.

1    24.    ILYM Group, Inc. is awarded costs for settlement administration in the

2          amount of Sixty-Fix Thousand Dollars ($65,000.00).

3

4          IT IS SO ORDERED

5

6    DATED:  November 16, 2020

7                                                        _____
                                                        MICHAEL W. FITZGERALD
8                                                       United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28